[No. 17756.   Department One.   September 12, 1923.]

MARTIN G. HEFNER, *Respondent*, v. GREAT AMERICAN
INSURANCE COMPANY, *Appellant*.[1]

INSURANCE (161)—ACTIONS ON POLICY—LIMITATIONS BY PROVISIONS
OF POLICY. A policy providing that an action on the policy shall be
commenced within one year from the date of the loss, is a valid
contract of limitation.

Appeal from an order of the superior court for King
county, Frater, J., granting a new trial, after granting
a nonsuit, upon a trial before a jury, in an action on a
policy of insurance.   Reversed.

*Cosgrove & Terhune,* for appellant.
*Vince H. Faben,* for respondent.

MITCHELL, J.—The plaintiff sues as assignee of any
cause of action existing in favor of the Bremerton Ice
& Fuel Company against the defendant, Great Amer-
ican Insurance Company, on account of a loss at sea
of a barge of coal covered by a policy of marine in-
surance issued by the defendant.   Upon the trial of
the case by a jury, at the conclusion of the evidence on
behalf of the plaintiff, a nonsuit was ordered and the
jury discharged upon the motion of the defendant.
Promptly, upon the application of the plaintiff a new
trial was granted, and from that order the defendant
has appealed.

On behalf of the appellant, the case is presented in
three aspects, only one of which need be discussed
for the purpose of a final disposition of the case.   That
one point is that the action was not commenced within
one year after the loss occurred, as provided for by
the terms of the contract of insurance.   It is a question
of law, and not one of fact, appealing to the discretion

[1]Reported in 218 Pac. 206.

of the court that granted the new trial. The respondent was apprised of the defense by an affirmative answer to the complaint, and also by the motion for a nonsuit.

The policy provides:

"No suit or action for the recovery of any claim arising under this policy shall be maintained in any court, unless such suit or action shall have been commenced within one year from the date of the happening of the loss out of which the said claim arose."

We have uniformly held that a clause in such a contract fixing a limitation of the time in which suit is sustainable is a valid one. *Staats v. Pioneer Insurance Association,* 55 Wash. 51, 104 Pac. 185, and cases cited therein, which case and others are cited and relied on in *Shaw Supply Co. v. Nelson Co.,* 124 Wash. 305, 214 Pac. 19.

The loss occurred on October 31, 1919. It was promptly reported by the Bremerton Ice & Fuel Company to its own agent, the firm of brokers through whom the insurance had been procured, and not to the insurance company or any of its agents. The assignment to the respondent of the alleged cause of action was made on November 9, 1921, more than two years after the date of the loss. Thereafter, this action was commenced on January 6, 1922, and was tried several months later. While it is true the respondent testified that, through the brokers, he first learned about two weeks before suit was brought that the appellant refused to pay the loss; yet, he further testified: "I began negotiations to collect three or four months ago." That is, of course, he commenced negotiations to collect after November 9, 1921, the date of the assignment to him. His negotiations were not direct with the appellant or its agent, but through the firm of

brokers who, as the respondent testified, showed him the correspondence they had conducted with the insurance company concerning the loss. None of that correspondence is in evidence. No one representing the firm of brokers testified at the trial. There is not even a fair inference from all or any of the evidence that the insurance company knew of the loss until more than two years after it happened; nor is there any proof or inference that, after the appellant did learn of the loss, it did or said anything to mislead the respondent or indicate any intention on its part to waive its rights under the clause in the contract of insurance limiting the time in which a suit or action must be commenced for the recovery of any claim arising under the policy.

The judgment is reversed, and the cause is remanded with directions to set aside the order granting a new trial, and to reinstate the order granting a nonsuit and dismissing the action.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.