[Nos. 173-1, 174-1.   Division One—Panel 1.   June 1, 1971.]

WILLIAM J. GOULD, *Appellant,* v. BIRD & SONS, INC., *Respondent.*

*Schroeter, Jackson, Goldmark & Bender* and *Paul D. Jackson,* for appellant.

*Short, Cressman & Cable* and *Kenneth P. Short,* for respondent.

WILLIAMS, J.—The plaintiff, William J. Gould, brought two actions against the defendant, Bird & Sons, Inc., for damages for personal injuries sustained when an aircraft which he was piloting in Laos in January, 1963, crashed and burned. The first was a common-law, master-servant action, which was dismissed on motion of the defendant for lack of prosecution. The second, filed more than 3 years after the first, was prepared under the elective remedy provision of section 905 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 (1927). This second action was dismissed by the trial court by an order of the nature of a summary judgment because the 3-year statute of limitations (RCW 4.16.080) of the state of Washington had run. Plaintiff appeals from this judgment and from the court's denial of his motion to vacate the order of dismissal in the first case. The two cases were consolidated for the appeal.

The facts essential to an understanding of the issues on this appeal are these: In 1963, respondent was engaged in several construction projects in southeast Asia for various agencies of the United States government. Some of these were secret, and some were not. It built the large Wattay Airfield at Vientiane, Laos. Appellant applied at respondent's office in Bangkok for employment as an airplane pilot. Whether or not he was hired, and if so, on what terms and conditions, are factual issues which have not been resolved. He was, however, flying respondent's S.T.O.L. aircraft when it crashed on the Wattay Airfield.

The complaint in the first case alleged the negligence of respondent in failing adequately to familiarize the appellant with the aircraft and in not providing him with a safe place to work. The complaint was filed June 1, 1964. Respondent promptly entered a general denial.

In March, 1967, respondent moved to dismiss the first action for want of prosecution. Hearing on the motion was deferred by agreement of counsel to enable appellant to obtain private relief from Congress on the theory that he had been, in actuality, serving the United States in Laos when the accident occurred. The private relief effort failed because, as was stated in a letter to Senator Jackson from the State Department, there was a possibility that appellant was covered under the longshoremen's act by reason of one or more secret contracts which respondent had with the government at the time of the injury. Appellant then filed a claim for compensation under the act. Respondent, consistent with its position throughout the litigation, denied that appellant was covered because he had not been employed, or assuming he was, that he was not engaged in work under a contract to which the longshoremen's act applied.

In the meantime, respondent's counsel pressed for disposition of the motion to dismiss for lack of prosecution because on July 1, 1967, the granting of the motion would become discretionary with the court under the new rule (CR 41(b)(1)) which would become effective that date. If the motion had been heard prior to July 1, 1967, dismissal would have been mandatory. *Day v. State*, 68 Wn.2d 364, 413 P.2d 1 (1966). In June, 1967, counsel for both parties stipulated in writing that hearing on the motion would be postponed while appellant sought relief either from Congress or Lloyd's of London, or both. The agreement was that appellant would not note the case for trial until after the motion to dismiss had been disposed of. This, in effect, made dismissal mandatory, even under the new rule.

The second complaint, which was filed December 18, 1967, alleged that it was brought pursuant to 33 U.S.C. § 905 (1927), that respondent at the time of the injury had a contract with the government which brought it under the longshoremen's act, and detailed the derelictions of respondent which caused the accident. In its answer, respondent admitted entering into a contract on or about August 8,

1962, with the Agency for International Development, Department of State, as being one of several, and also admitted ownership of the aircraft which appellant was flying when the crash occurred. The answer contained the affirmative defenses of the statute of limitations, contributory negligence, release, and misrepresentation.

Following the commencement of the second action, respondent noted for hearing its motion to dismiss the first case for lack of prosecution. Appellant's counsel endorsed: "Approved and Notice of Presentation Waived." on the proposed order of dismissal, which contained the following statement: "This order shall not affect in any way the pending King County Court Cause No. 691848, entitled William J. Gould v. Bird & Sons, Inc., a Washington corporation." It was entered on presentation. Respondent then moved pursuant to CR 12(c) for judgment of dismissal of the second action because of the operation of the statute of limitations. Appellant countered by moving to vacate the order of dismissal of the first action. The court considered the motions, together with all of the materials filed in each action as permitted by CR 12(c), and decided as above stated.

A large part of the written records consists of contradictory affidavits of respective counsel as to verbal understandings and stipulations, or lack thereof, concerning the postponement and final entry of the order of dismissal for want of prosecution in the first action. Resolution of conflicts of this kind is unpleasant, and fortunately unnecessary, for CR 2A requires such matters to be in writing and signed. There is nothing in the record, aside from the debate of counsel, which would indicate any irregularity or unfairness in the entry of the order. It must therefore stand.

The real issue is whether the trial court was correct in deciding that the state statute of limitations was a bar to the second case. Appellant contends that it is not a bar because the action was created by the longshoremen's act and the action did not come into being until notice of claim was filed and until respondent "failed to secure payment of

compensation." The pertinent portion of the act is section 905, which provides as follows:

> The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, *except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this chapter, or to maintain an action at law or in admiralty for damages on account of such injury or death.* In such action the defendant may not plead as a defense that the injury was caused by the negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

(Italics ours.)

Section 913 requires that the employee file his claim within 1 year after the injury. This limitation is tolled during the period in which the employer fails, neglects, or refuses to file a report of the injury as required by the act (section 930). We do not find in the act a provision that the time limitation begins to run from the date of the filing of a claim, as contended by appellant, but that is unimportant because respondent has consistently taken the position that appellant's injury is not covered by the act, no report has ever been filed as required by section 930, and appellant's claim continues to live, if, in fact, it ever did exist. If the "action at law or in admiralty" is a part of the claim for compensation under the statute, as appellant contends, then the other provisions of the statute, including the tolling of the time limitation, apply; and the trial court was in error in dismissing the second action because of the operation of the state statute of limitations. On the other hand, if the "action at law or in admiralty" is not created by the longshoremen's act, but is a common-law action for personal injuries with the defenses removed, then the usual rules of

law which apply to such actions will determine the result. *Hammels v. Britten,* 53 Ariz. 112, 85 P.2d 992 (1939); *Thorneal v. Cape Pond Ice Co.,* 321 Mass. 528, 74 N.E.2d 5 (1947).

The elective remedy provision, which is the italicized portion of section 905 set forth above, appears in many state workmen's compensation statutes as well as the federal one. Its purpose is to encourage employers to accept the idea of compensation for injured workmen not based on fault and to force employers to accept and participate in the scheme to provide assured payment to employees for injuries sustained during employment. By this device, the employer is given the choice of paying claims computed on a scale fixed by law or defending against law actions of unlimited amounts with the defenses cut off. The action at law in compensation statutes is not intended primarily to be an alternate method of paying compensation, but rather a penalty charged against the employer for not complying with the act. 2 A. Larson, Workmen's Compensation Law § 67 (1970); 1 W. Schneider, Workmen's Compensation Text § 90-92 (1941).

We hold that the action "at law" referred to in the act is essentially one for common-law negligence which the statute modified by removing the defenses of the negligence of a fellow servant, assumption of risk, and contributory negligence. It is the same remedy which appellant would have had if the longshoremen's act had not been passed. Only the defense was restricted. *Robles v. Preciado,* 52 Ariz. 113, 79 P.2d 504 (1938); *Thorneal v. Cape Pond Ice Co., supra.* The cause of action stated in both the first and second cases was not a creature of the longshoremen's act, but rather a modified common-law tort action which appellant (assuming coverage) was permitted to maintain because the respondent employer failed to provide security for compensation. Nothing in the act, nor in the case law as far as we can determine, makes the filing of a claim for compensation a condition precedent to bringing the common-law action as contended by appellant.

Appellant relies upon *Long v. Thompson,* 177 Wash. 296, 31 P.2d 908 (1934), construing the Washington Industrial Insurance Act, to support his position that the action "at law" is a creature of the statute and not of the common law. In its memorandum decision, the trial court correctly answered this contention:

> An analysis of that case [*Long v. Thompson, supra*] and the cases cited therein demonstrate that the ". . . common law right of action for damages accruing from an injury received by a workman in the course of his employment is abolished, *except as in the act otherwise provided,* . . ."; *Robinson v. McHugh,* 158 Wash. 157, 161, (1930), 291 P. 330, 332, quoting from *Zenor v. Spokane & Inland Empire R. Co.,* 109 Wash. 471 (1920). Thus, where, as in the present case, there is an exception to the bar raised by the statute, the *prior existing* remedy remains available to the plaintiff as if the statute had never been passed.

By the rule of the common law, appellant's action for personal injury accrued when the plane crashed. *Jones v. Jacobson,* 45 Wn.2d 265, 273 P.2d 979 (1954); *Young v. Seattle,* 30 Wn.2d 357, 191 P.2d 273, 3 A.L.R.2d 704 (1948); *Washington Security Co. v. State,* 9 Wn.2d 197, 114 P.2d 965, 135 A.L.R. 1330 (1941). The statute of limitations was properly applied as a bar in the second case, unless respondent is prevented from asserting it. Appellant's first contention in this regard is that the "saving clause," above quoted in the order of dismissal of the first action, protected him against a plea of the statute of limitations in the second action. In answer to this, we simply say it does not have that effect.

Secondly, appellant contends that respondent is estopped from successfully pleading the statute of limitations in bar because he was deprived of his rights by respondent in effectually concealing the cause of action which he had. This contention is based on the following testimony given by William H. Bird, president of respondent company, in answer to questions by appellant's counsel in a deposition taken in early 1966:

Q: Now as I understand your situation, the men in your Air Division, although your employees, were doing the work of the United States Government, one of the things that occur to me in this case is whether or not there might not be the potential of *some workmen's compensation claim as against the United States* for Gould. I don't know quite how to ask the question except to say can you enlighten me on that, what your knowledge might be about it? A: Gould made an application for workmen's compensation to the State of Washington, we are a Washington corporation and was denied, and that is where our office was at the time and still is. Q: How do you know that? A: Because they asked us to enlighten them. Q: Do you have any of that correspondence. They denied it because pilots are not allowed to come under the Workmen's Compensation Law of the State of Washington. *Do you know anything about the possibility of a claim under what amounts to the United States Defense Base Contract?* A: *No,* you would have to have what they call the War Hazard Contract which at this time I have a man that is lost, this man has to be lost, has to be captured. Q: What if the man is injured? A: *No.* Q: The War Hazard Contract as you understand it doesn't apply? A: The War Hazard Contract means he must be detained against his consent by persons unknown or known enemy.

*Central Heat, Inc. v. Daily Olympian, Inc.,* 74 Wn.2d 126, 443 P.2d 544 (1968), cited by appellant, supplies the applicable rule of equity which is that estoppel *in pais* is available in a proper case to prevent a fraudulent or inequitable resort to the statute of limitations as a defense. It should be noted that the statements of Mr. Bird were in response to questions put by appellant's attorney as to the applicability of laws pertaining to possible compensation coverage on respondent's contracts. The determination of the coverage of workmen's compensation laws is a mixed question of law and fact which is sometimes difficult to decide. *Long v. Thompson, supra.* Rather than wait 3 years and then inquire into the matter in such an offhand manner, it was the duty of appellant, with assistance of his counsel, to ascertain his rights. *Central Heat, Inc. v. Daily Olympian, Inc., supra; Johnston v. Spokane & Inland Empire R.R.,* 104 Wash. 562, 177 P. 810 (1919).

■ It is also significant that had Mr. Bird answered in 1966 that the act did apply to appellant and no security for payment of compensation had been made, appellant's position in his first case would have been exactly the same, *i.e.*, he would have been plaintiff in a common-law action for damages for personal injuries based upon his employer's negligence with no affirmative defenses interposed. How can it then be said that the testimony of respondent's corporate officer misled appellant or his attorney into a different course of conduct? "It is fundamental that a party relying upon an estoppel must show that he has been prejudiced by the act of the party whom he is seeking to estop." *Edwards v. Surety Fin. Co.*, 176 Wash. 534, 30 P.2d 225 (1934), quoting from *Butler v. Supreme Court of Ind. Order of Foresters*, 53 Wash. 118, 101 P. 481, 26 L.R.A.(n.s.) 293 (1909).

We express no opinion as to whether appellant still has a claim for compensation under the longshoremen's act because we would have no jurisdiction in such a proceeding.

The judgment is affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied July 19, 1971.

Review denied by Supreme Court August 26, 1971.