[No. 2449–3. Division Three. July 25, 1978.]

MANUEL REL, ET AL, *Respondents,* v. DOUGLAS COUNTY CIVIL SERVICE COMMISSION, *Appellant.*

*Michael R. Tabler, Prosecuting Attorney,* for appellant.

*W. Gordon Kelley* and *Michael J. Platts,* for respondents.

McINTURFF, J.—The Douglas County Civil Service Commission appeals from a judgment reinstating Manuel Rel as sergeant in the county sheriff's department.

The question is whether the court properly applied the doctrine of equitable estoppel in returning Mr. Rel to the position he held for more than 3 years without complying with the requirements of RCW 41.14.080.[1]

The court found Mr. Rel was appointed as sergeant in April 1972, when the sheriff determined there was a need to delegate authority within his department. No examination was given, as was the custom in adjoining counties. The court further found there was no indication at the time of the appointment that it was of an acting or temporary nature. No increase in wages accompanied the appointment.

In 1975 the Civil Service Commission discovered the nature of Mr. Rel's appointment and arranged for an open, competitive examination for the position of sergeant, pursuant to RCW 41.14.080. Mr. Rel was advised it was necessary for him to take the examination if he desired to retain his position, but he refused. As a result, he was redesignated first–class deputy on July 31, 1975, without a reduction in wages. He then brought this action for reinstatement which was granted, along with retroactive wage benefits which accrued to the sergeant's position after January 1976.

The Civil Service Commission contends equitable estoppel is not available under existing case law to compel it to act in direct violation of existing statutes—in this case RCW 41.14. The commission argues that the appointment of Mr. Rel was void because it was "wholly without legal authorization or in direct violation of existing statutes,"

---

[1]RCW 41.14.080 states:

All appointments to and promotions to positions in the classified civil service of the office of county sheriff shall be made solely on merit, efficiency, and fitness, which shall be ascertained by open competitive examination and impartial investigation. No person in the classified civil service shall be reinstated in or transferred, suspended, or discharged from any such place, position, or employment contrary to the provisions of this chapter.

Mr. Rel contends there was no finding that his appointment was contrary to the statutory scheme. That is not so. The court expressly found no examination was given to fill the sergeant's position.

*Finch v. Matthews,* 74 Wn.2d 161, 172, 443 P.2d 833 (1968). Therefore, the commission contends the doctrine of equitable estoppel should not apply.

■■■ Equitable estoppel will not be applied against a governmental entity whose acts are ultra vires and void, but the doctrine is applicable where the entity's acts are within its powers and they have been exercised in an irregular manner or through unauthorized means. *Finch v. Matthews, supra.*[2] However, before equitable estoppel will be applied in any event its requisite elements must be present. They are:

> (1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party from allowing the first party to contradict or repudiate such admission, statement, or act.

(Citations omitted.) *Finch v. Matthews, supra* at 171 n.3.

Neither the court's findings nor its oral decision supports the application of equitable estoppel here for several reasons, nor is there a finding of an admission, statement or act by the Civil Service Commission inconsistent with its later position that the post of sergeant be filled by competitive examination. Resort to the court's oral decision[3] on that point is not helpful. Neither of two matters considered by the court constitutes an act by the Civil Service Commission upon which equitable estoppel may be based.

First, the court noted the Civil Service Commission failed to enforce the appropriate statute and regulations regarding

---

[2]The rules in *Finch* regarding the application of equitable estoppel to governmental entities have been followed consistently. *See, e.g., Metropolitan Park Dist. v. State,* 85 Wn.2d 821, 825, 539 P.2d 854 (1975); *State v. O'Connell,* 83 Wn.2d 797, 827, 523 P.2d 872, 77 A.L.R.3d 874 (1974); *Shafer v. State,* 83 Wn.2d 618, 622, 521 P.2d 736 (1974); *Arbogast v. Westport,* 18 Wn. App. 4, 7, 567 P.2d 244 (1977); *Fitzgerald v. Neves, Inc.,* 15 Wn. App. 421, 428, 550 P.2d 52 (1976); *Seattle v. P.B. Inv. Co.,* 11 Wn. App. 653, 662, 524 P.2d 419 (1974).

[3]A trial court's oral statements may be used to clarify its written findings. *Pierce County v. Thurston County,* 13 Wn. App. 602, 603, 536 P.2d 3 (1975).

the appointment of Mr. Rel. That is inaction insufficient to support an application of equitable estoppel.[4] Secondly, the court considered a letter from the commission to the County Auditor in November 1974, which recognized Mr. Rel as a sergeant. The letter said:

> According to R.C.W. 41.14.150[5] of the State of Washington, the Civil Service Commissioners of Douglas County do hereby certify to the Auditor and Treasurer of Douglas County, the following names of those certified employees of the Sheriff of Douglas County and do hereby authorize the receiving of compensation and wages therein.

Assuming arguendo the statements contained in the letter would be sufficient to establish an estoppel against the commission, there is nothing in the written findings, the oral decision or the record to indicate Mr. Rel acted on the faith of them to his injury.

Under those circumstances, the court erred in applying equitable estoppel to reinstate Mr. Rel to his former position as sergeant in the Douglas County sheriff's department.

---

[4]*Federal Way Disposal Co. v. Tacoma,* 11 Wn. App. 894, 897, 527 P.2d 1387 (1974). *See also Bignold v. King County,* 65 Wn.2d 817, 399 P.2d 611 (1965); *Martin v. Spokane,* 55 Wn.2d 52, 345 P.2d 1113 (1959).

[5]That statute essentially provides that the auditor cannot approve the payment of any salary to a classified employee unless the auditor receives from the Civil Service Commission a certification of the employee's status. The certification must bear

> the certificate of the civil service commission, or of its chief examiner or other duly authorized agent, that the persons named therein have been appointed or employed in compliance with the terms of this chapter and the rules of the commission, and that the payroll, estimate, or account is, insofar as known to the commission, a true and accurate statement. The commission shall refuse to certify the pay of any public officer or employee whom it finds to be illegally or improperly appointed, and may further refuse to certify the pay of any public officer or employee who wilfully or through culpable negligence, violates or fails to comply with this chapter or with the rules of the commission.

Judgment of the Superior Court is reversed.

ROE and JAMES, JJ., concur.

Reconsideration denied August 28, 1978.

Review denied by Supreme Court January 19, 1979.