[5904–1. Division One. April 23, 1979.]

DOROTHY JACKSON FITTRO, *Appellant,* v. CHARLES ALCOMBRACK, ET AL, *Defendants,* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent.*

*Lanning & Bryan* and *Robert S. Bryan,* for appellant.

*Julin, Fosso & Sage, H. C. Fosso,* and *Ralph W. Anderson,* for respondent.

Farris, J.—On February 25, 1974, Dorothy Jackson Fittro was injured when her automobile collided with one driven by Roy Alcombrack. Alcombrack subsequently died for reasons not related to the accident. Fittro contends that Alcombrack, an employee of State Farm Mutual Automobile Insurance Company, was operating a company vehicle in the course of his employment when the accident occurred.

On November 4, 1975, Fittro served Alcombrack's personal representative a summons and complaint (filed on November 5, 1975) for recovery of damages sustained in the accident. State Farm, although named as a codefendant, was not served until March 14, 1977, more than 3 years from the date of the automobile accident and after Fittro's suit against Alcombrack's estate had been dismissed. At trial, State Farm was granted a summary judgment on the ground that the action was barred by the statute of limitations.[1]

Fittro appeals on the theory that by serving one named defendant and thereafter filing the complaint, the statute of limitations was tolled by RCW 4.16.170[2] as to the unserved defendant. We disagree.

---

[1] RCW 4.16.080(2) provides for a 3-year statute of limitations in actions for "taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated".

[2] RCW 4.16.170 provides:

█ When an action is dismissed, the statute of limitations continues to run as though the action had never been brought. *Humphreys v. United States,* 272 F.2d 411 (9th Cir. 1959); *see also Vance v. Seattle,* 18 Wn. App. 418, 424 n.4, 569 P.2d 1194 (1977); *Gould v. Bird & Sons, Inc.,* 5 Wn. App. 59, 485 P.2d 458 (1971). Because the action against Alcombrack was dismissed before State Farm was served, the action against Alcombrack no longer tolled the statute of limitations either as to Alcombrack or as to State Farm. Fittro's failure to serve State Farm within the 3–year statutory period bars her claim. *Fox v. Groff,* 16 Wn. App. 893, 559 P.2d 1376 (1977).

Affirmed.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court October 12, 1979.

---

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."