23 Wn. App. 688 (1979)
598 P.2d 407
MAURICE PETERSON, ET AL, Respondents,
v.
PACIFIC FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant.
No. 3221-2.
The Court of Appeals of Washington, Division Two.
July 9, 1979.
Valen H. Honeywell, for appellant.
Gary L. Raaen, for respondents.
SOULE, J.
We accepted discretionary review of the Pierce County Superior Court's denial of a motion for summary judgment made by Pacific First Federal Savings and Loan Association (PFF). Western Surety Company, the surety on the guardian's bond posted by Opal Haizlip, guardian for Alfred J. Wiese prior to his death, brought suit against PFF to recover funds disbursed to Mrs. Haizlip in excess of restrictions allegedly imposed by an order authorizing disbursement of guardianship funds. We reverse the denial of summary judgment.
On October 21, 1975, Opal Haizlip, the newly appointed guardian for Alfred J. Wiese, an incompetent, obtained an order authorizing her to disburse various sums from her ward's estate including paragraph 5:
$500.00 per month to be sent by Pacific First Federal Savings and Loans [sic], Tacoma, Washington, from the account of the incompetent, to OPAL HAIZLIP, such amount to be made payable to OPAL HAIZLIP, on the 1st day of each and every month, to be used by her for the room and board of the incompetent and for his personal expenses.
The other paragraphs in the order simply authorized the guardian to expend the guardianship assets to pay the fee *690 of the attorney who drew the guardianship papers, to pay a physician's fee, to buy a wheelchair, and to reimburse her costs.
Alfred J. Wiese had a savings account at PFF containing $12,645. On October 28, 1975, Mrs. Haizlip presented PFF with a copy of the order authorizing disbursement, along with letters of guardianship, and obtained a transfer of the account to herself as guardian for Alfred J. Wiese. On that day she withdrew $1,500 from the guardianship account. During the next 10 weeks, she made two more withdrawals, emptying the account. Apparently Mrs. Haizlip misappropriated the funds and did not expend them on behalf of Mr. Wiese.
PFF has procedures for review of ambiguous guardianship orders by supervisors and its attorneys, and for special handling of restricted access accounts. These internal operating procedures were not used when Mrs. Haizlip established the guardianship account or when she made her withdrawals.
Mr. Wiese died in July 1976. The personal representative of his estate and the guardianship bond surety sued PFF to recover the Haizlip withdrawals, on the theory that PFF should not have allowed them in obvious excess of the $500 monthly limit in the disbursement order. Western Surety has fully indemnified the estate and remains as the sole party in interest.
[1] It is well established that the trial court may grant summary judgment only when the record introduced in support of the motion does not create a genuine issue of material fact between the parties, and the moving party is entitled to judgment as a matter of law. E.g., Morris v. McNicol, 83 Wn.2d 491, 519 P.2d 7 (1974); Adamski v. Tacoma Gen. Hosp., 20 Wn. App. 98, 579 P.2d 970 (1978). With this rule in mind, we first consider Western Surety's contention that the trial court properly denied summary judgment because PFF's motion was not accompanied by affidavits containing sufficient underlying facts, but was based instead on the factual allegations in the pleadings *691 and on the disbursement order and letters of guardianship in the guardianship file.
[2] As CR 56(a) and (b) make clear, a party's motion for summary judgment need not be accompanied by supporting affidavits, and may be based on the pleadings. See also Peterick v. State, 22 Wn. App. 163, 179, 589 P.2d 250 (1977). When a pleading is properly made and uncontradicted, it may be taken as true for purposes of deciding summary judgment. Leland v. Frogge, 71 Wn.2d 197, 200, 427 P.2d 724 (1967). The question is whether or not the material before the court creates a genuine issue of material fact. In this case, PFF's answer admitted all of the pertinent factual allegations made in the complaint, and the guardianship letters and disbursement order were submitted to speak for themselves concerning the scope of Mrs. Haizlip's authority to make the expenditures. In these circumstances, affidavits were not necessary to demonstrate that the facts were undisputed.
Plaintiff argues that PFF owed a duty of care to Mr. Wiese, its original depositor, and to Opal Haizlip, the substituted account holder, to handle the Wiese account prudently. After oral arguments to this court, the contentions boil down essentially to two: (1) that the duty was breached because the order authorizing disbursement unambiguously required PFF to limit Mrs. Haizlip's access to the guardianship funds to $500 per month, or (2) alternatively, that if the order is ambiguous, PFF was negligent in failing to invoke its internal procedures to clarify the intended effect of the order before allowing the withdrawals.[1] PFF responds that the order, on its face, limits only the expenditure of guardianship funds and not the guardian's access to those funds.
*692 [3] The resolution of these contentions involves no genuine questions of fact. The existence of a duty is a question of law rather than fact. Bayman v. Clearwater Power Co., 15 Wn. App. 566, 550 P.2d 554 (1976). If it be determined that PFF owed a duty to Mr. Wiese, then it is apparent from the record that defendant did, in fact, breach its duty by not limiting the guardian's access to the account to $500 per month and by not inquiring further into the meaning of the order. The real question then is, did PFF owe a duty to Mr. Wiese, and did it breach that duty?
As for the first legal ground advanced by Western Surety, we are of the opinion that the order itself is unambiguous. It does not purport to limit access to the funds, as plaintiff argues, but is tailored to protect the guardian by stating Mrs. Haizlip's authority to make certain, specified expenditures. We observe that the order does not prevent the guardian from withdrawing the funds from PFF and depositing them or investing them in certain other interest-bearing obligations, which she would have been allowed to do without a court order, pursuant to RCW 11.92.040(5)(a).
[4] An affidavit discloses that the intent of the attorney who drew the order authorizing disbursement was "to restrict the access of Opal Haizlip to the funds of Alfred J. Wiese." If the intent of the drafter of the order was to limit access to guardianship funds, the order should specifically so state. The order simply does not accomplish that objective.[2] The drafter could also have made use of RCW 11.88.105. With the guardianship funds on deposit in a savings and loan (or other approved corporation), the guardian would have been obligated to file a receipt stating that PFF held the funds subject to court order and this would have achieved the additional result of dispensing with the requirement of posting a bond. Since this was not done, *693 and the order in no way prohibits her access to the account, PFF was not faced with a situation which should have triggered its internal procedures with respect to accounts to which access is restricted or to clarify an ambiguous court order. PFF was not negligent in failing to use its special procedures, because the order did not expressly block the account or create an ambiguity.[3]
[5] Plaintiff does not contend that PFF acted improperly in transferring title to the account to the guardian upon presentation of the letters of guardianship. As for the guardian's subsequent withdrawals, the liability of a bank or savings and loan for the misappropriation of funds by a trustee depends upon the bank's actual knowledge that the funds are being withdrawn without authority. General Cas. Co. of America v. Seattle-First Nat'l Bank, 42 Wn.2d 433, 256 P.2d 287 (1953); 4 A. Scott, Law of Trusts § 324.3 (3d ed. 1967). This rule does not permit liability where a bank or savings and loan simply allows a trustee to write an apparently authorized check upon the trust account, payable to himself or a third party. Indeed, a bank can open itself up to liability if it fails to follow the special instructions of its depositor. See Rensselaer Valve Co. v. National Bank of Commerce, 129 Wash. 253, 224 P. 673 (1924).
The trial court should have granted summary judgment because the material facts, as disclosed in the pleadings and the referenced guardianship file, were undisputed and because, as a matter of law, those facts imposed no duty upon PFF to handle the Wiese account differently than it actually did. The denial of summary judgment is reversed, *694 and the cause is remanded for entry of a judgment dismissing the complaint.
REED, A.C.J., and PETRIE, J., concur.
NOTES
[1] As theories of recovery, the complaint listed conversion, breach of contract, a breach of PFF's alleged duties to Alfred J. Wiese, and negligence. This opinion will focus on the theories of negligence and breach of duties to Mr. Wiese, the original account holder. The theories of conversion and breach of contract were not pursued in the trial court, have not been discussed in the briefs, and are deemed abandoned.
[2] Just as the order authorizing disbursement is unambiguous and did not obligate PFF to inquire behind it in order to discover its true intention, so also we are precluded from considering that the drafting attorney may have had some other purpose in mind. The order must speak for itself.
[3] We note that even if the record showed that PFF's own internal procedures were a matter of savings and loan industry custom, which it does not, while custom and practice may be admissible on the question of the reasonableness of behavior, they do not always define the standard of conduct of a reasonable man. See Meyers v. Meyers, 81 Wn.2d 533, 538, 503 P.2d 59, 59 A.L.R.3d 1318 (1972); Princemont Constr. Corp. v. Smith, 433 F.2d 1217 (D.C. Cir.1970); W. Prosser, Law of Torts § 33 (4th ed. 1971).