[No. 48760-0. En Banc. May 19, 1983.]

DAVID F. MACKEY, *Appellant,* v. ROBERT V. GRAHAM, *as Auditor,* ET AL, *Respondents.*

*Herbert H. Fuller* and *Jay Fuller* (of *Fuller, Barckley & Morgan*), for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert F. Hauth, Special Assistant,* for respondents.

BRACHTENBACH, J.—This case concerns the authority of the State Auditor to prohibit employee state examiners from engaging in the private practice of accounting. Although "state examiner" is not explicitly defined in the statutes, the position may be characterized in general terms as an assistant to the Auditor, for the purposes of auditing both local public offices, RCW 43.09.260, and other state departments, RCW 43.09.300. Appellant was a full–time state examiner with the Auditor's office from 1974 until 1981. In 1977 he passed the certified public accountant examination and opened a part–time private accounting practice.

Respondent is the Washington State Auditor. Among his duties is the prevention of conflicts of interest on the part of agency employees, RCW 42.18.250. As one means of preventing such conflicts, the Auditor's office has maintained a policy, initially informal but subsequently incorporated as regulations in an Employee Handbook, against incompatible private sector employment. The Auditor learned that appellant was engaged in a part–time private accounting practice and informed him that such practice was prohibited. Appellant responded by filing suit in Thurston County

to have the office regulations declared invalid. The Thurston County Superior Court granted the State's Summary Judgment Motion and dismissed the suit. Mr. Mackey appealed that decision to Division Two of the Court of Appeals, which certified the case to this court. We affirm the trial court decision.

The primary issue is whether the Auditor had statutory authority to promulgate regulations that prohibited state examiners from engaging in the private practice of accounting. This issue involves interpreting RCW 42.18.250, the provisions that govern an agency head's responsibility for protecting against actual or potential conflicts of interest on the part of agency employees. The statute provides:

> (1) Each agency head shall be responsible for the establishment of appropriate standards within his agency to protect against actual or potential conflicts of interest on the part of employees of his agency, and for the administration and enforcement within his agency of this chapter and the regulations and orders issued hereunder.
> (2) Each agency head may, subject to. the regulations issued by the governor under RCW 42.18.240(2) issue regulations carrying out the policies and purposes of this chapter as applied to his agency. He shall file copies of all such regulations with the office of the governor.

This statute explicitly authorizes the Auditor to promulgate and enforce regulations that ensure employees are not faced with actual or potential conflicts of interest.

The head of an agency is particularly aware of potential conflicts facing department employees and is in a position to implement effective regulations that identify problem areas. Here, the Auditor promulgated regulations prohibiting outside employment that was incompatible with a state employee's duties. These regulations evolved from a series of policy manuals issued by the Auditor to provide guidelines for employee conduct. Clerk's Papers, at 28, 32. The various regulations and policy statements address some of the ethical conduct appropriate for employees charged with monitoring the accounting practices and financial transactions of other state and local public offices. In October of

1978, the regulations at issue here were promulgated as an "Employee Handbook" that included section 500.11.3.c, a specific prohibition against the "[o]utside practice of auditing, accounting, tax work or consulting." Clerk's Papers, at 42. As such, the regulations address the precise conflict of interest presented in this case. We hold the regulations are authorized under RCW 42.18.250.

Since the regulations were within the Auditor's statutory authority, a second issue is whether the regulations nonetheless deprived state examiners of property without due process of law. A property interest will be recognized only when based upon a legitimate claim of entitlement. *Ritter v. Board of Comm'rs*, 96 Wn.2d 503, 509, 637 P.2d 940 (1981). Such a due process property interest exists "'if there are such rules or mutually explicit understandings that support [an individual's] claim of entitlement to the benefit . . .' *Perry v. Sindermann*, 408 U.S. 593, 601, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972)". The *Ritter* court also stated that such a property interest could rest on an express or implied contract. *Ritter*, at 509. In the present case, those requisite factors are not present. Although appellant raises some promissory estoppel allegations, the facts do not support the kind of legitimate claim of entitlement described in the opinions. There was no mutually explicit understanding between the parties that appellant could engage in the private practice of accounting. Similarly, the facts do not indicate any type of contractual arrangement.

Appellant also contends that since the regulations constitute an absolute prohibition, the means are not rationally related to the admittedly legitimate end of avoiding conflicts of interest. The regulations, however, only prohibit outside employment that is "incompatible", *i.e.*, the "outside practice of auditing, accounting, tax work or consulting." Subject to some time limitations, the regulations permit employees to engage in outside businesses that are not likely to present conflicts. Accordingly, the regulations are rationally related to the statutory purpose

of preventing conflicts of interest. Moreover, courts have upheld even absolute prohibitions against outside employment. *See Gosney v. Sonora Indep. Sch. Dist.*, 603 F.2d 522 (5th Cir. 1979). In *Gosney* the court ruled that school board regulations prohibiting any outside employment by school board personnel were enforceable. The court reasoned that the regulations were reasonably related to the legitimate state interest in ensuring that employees devote their professional efforts to the education of students. *Gosney*, at 525 (citing *Williamson v. Lee Optical, Inc.*, 348 U.S. 483, 487–88, 99 L. Ed. 563, 75 S. Ct. 461 (1955)). In the instant case, the State Auditor is applying a less restrictive regulation with a more persuasive public policy justification. Therefore, we hold that the regulations do not deprive appellant of property without due process of law.

Finally, there are questions about the adequacy of the factual record. Although appellant presented a promissory estoppel argument, the record does not indicate that he satisfied his burden as to the facts necessary to establish the elements of that theory. *State v. Charlton*, 71 Wn.2d 748, 751, 430 P.2d 977 (1967). The record is not sufficient, in part, because the State submitted several affidavits denying the existence of any facts supporting the estoppel theory, yet counsel for appellant did not submit any affidavits either countering those denials or offering factual allegations in support of the theory. Similarly, appellant opposed the summary judgment motion, but his attorney submitted no affidavits to demonstrate a genuine issue of material fact. A party seeking to avoid summary judgment cannot simply rest upon the allegations of his pleadings, he must affirmatively present the factual evidence upon which he relies. *Leland v. Frogge*, 71 Wn.2d 197, 200–01, 427 P.2d 724 (1967); *Lindsay Credit Corp. v. Skarperud*, 33 Wn. App. 766, 770, 657 P.2d 804 (1983). CR 56(e).

The trial court is affirmed.

WILLIAMS, C.J., STAFFORD, UTTER, DOLLIVER, DORE, DIM-
MICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem.,
concur.