[No. 7356-1-II. Division Two. August 22, 1986.]

ROLLIE LOGAN, *Appellant,* v. THE NORTH-WEST INSURANCE CO., ET AL, *Respondents.*

*Ralph G. Turco,* for appellant.

*Mark S. Cole* and *Clarke, Bovingdon & Cole,* for respondents.

ALEXANDER, J.—Rollie Logan appeals an order of the Superior Court granting summary judgment in favor of North–West Insurance Co. (North–West) and dismissing Logan's cause of action. We affirm.

The undisputed facts of the case are as follows. On or about October 15, 1976, Logan's logging equipment, covered under an insurance policy with North–West, was destroyed by fire. Logan filed a sworn proof of loss with North–West on or about February 14, 1977. On April 4, 1977, North–West filed an action in the Pierce County Superior Court, in which it sought a declaration of the rights and obligations of the parties under the insurance policy. North–West alleged in its complaint that Logan had caused or arranged the fire that resulted in his loss.

A notice of appearance was filed by an attorney on behalf of Logan on April 14, 1977, but no responsive pleading was filed at that time. On October 15, 1979, the Pierce County clerk mailed a notice to Logan's attorney, informing him that the case would be dismissed in December, pursuant to CR 41(b)(2), for want of prosecution. Logan's counsel responded by filing a motion for continuance dated November 29, 1979, supported by an affidavit in which he stated that he would file an answer the "forthcoming week." Logan's motion for continuance was not noted for hearing. On December 1, 1979, no action having been taken by Logan other than the filing of the motion, a superior court judge signed an order dismissing the action without

prejudice.

After the cause of action had been dismissed, Logan's counsel filed an answer, affirmative defense, and "cross-claim" in the file of the dismissed case. In his responsive pleading, Logan prayed that North–West's complaint be dismissed and that he be given an award for "his losses under the policy." The matter was assigned a trial date of September 24, 1980, however, the matter did not proceed to trial on that date. Eventually, a superior court judge discovered, at a motion hearing, that the case had previously been dismissed and thus no action was thereafter taken in the matter.

On February 23, 1982, about 5 years and 4 months after the fire, Logan filed a complaint for damages against North–West in a new cause of action in the Pierce County Superior Court. North–West responded by filing a motion for summary judgment, claiming that Logan's complaint should be dismissed because of his failure to file his suit within 1 year of the discovery of the occurrence giving rise to the claim. The Superior Court granted the motion. Logan appeals that ruling to this court.

Logan's North–West insurance policy contained a 1–year limitation clause:

> No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve months next after discovery by the insured of the occurrence which gives rise to the claim, . . .

The broad issue in this case is whether, in light of these facts, the Superior Court erred in determining, as a matter of law, that the aforementioned provision foreclosed Logan's right to maintain suit against North–West. A summary judgment should be granted only when there are no genuine issues of material fact before the court and the moving party is entitled to a judgment as a matter of law. *Peterson v. Pacific First Fed. Sav. & Loan Ass'n,* 23 Wn. App. 688, 690, 598 P.2d 407 (1979).

A 1–year policy limitation, which requires an insured

to bring an action within 1 year of the loss, is a valid and enforceable provision. *Hefner v. Great Am. Ins. Co.,* 126 Wash. 390, 391, 218 P. 206 (1923); *Ashburn v. Safeco Ins. Co. of Am.,* 42 Wn. App. 692, 695, 713 P.2d 742 (1986). In order to avoid running afoul of the policy limitation, Logan needed to bring his action within 1 year of the discovery of the occurrence. He did not do that.

Logan argues, however, that the Superior Court erred in dismissing his claim, suggesting that the declaratory judgment action brought by North–West tolled the 1–year policy limitation. We reject this argument and hold that a declaratory judgment action brought by the insurer is not an action for the recovery of a claim under the 1–year limitation clause. *Farmers Ins. Group v. Johnson,* 43 Wn. App. 39, 45, 715 P.2d 144 (1986).[1] Therefore, North–West's declaratory judgment action did not toll the 1–year policy limitation.

Logan's counterclaim (incorrectly denominated a "cross–claim") might have constituted an action for recovery of a claim under the policy. A counterclaim is not barred by the statute of limitations if the counterclaim would not have been barred by the statute of limitations at the commencement of the action in which it is pleaded. *See J.R. Simplot Co. v. Vogt,* 93 Wn.2d 122, 126, 605 P.2d 1267 (1980). Therefore, for purposes of tolling the policy limitation, an effective counterclaim by Logan would have related back to April 4, 1977, the date of the commencement of the original action by North–West. However, Logan's counterclaim was not effective because it was filed after the dismissal of North–West's declaratory judgment action. Hence, Logan's

---

[1]In *Farmers,* the Johnsons contended that their policy's 1–year limitation on bringing suit barred the insurance company from bringing a declaratory judgment after the 1–year limitation had passed. We rejected this argument, in part, because the contention was unsupported by argument or authority in that case. We went on, however, to state that a declaratory judgment action is not an action for the recovery of a claim and that therefore the 1–year time limitation did not bar Farmers' declaratory judgment action. We reaffirm that holding here, although the issue arises in a different context.

counterclaim could not attach to the original action.

Under the unusual circumstances of this case, Logan's present action would have been barred by the policy limitations even if the counterclaim to the declaratory judgment proceeding had been filed before the order of dismissal in that action was entered. Where an original action is dismissed, a statute of limitations is deemed to continue to run as though the action had never been brought. *Fittro v. Alcombrack*, 23 Wn. App. 178, 179, 596 P.2d 665, *review denied*, 92 Wn.2d 1029 (1979); *Gould v. Bird & Sons, Inc.*, 5 Wn. App. 59, 65, 485 P.2d 458, *review denied*, 79 Wn.2d 1009 (1971). We see no reason for a different rule in a case dealing with a policy limitation rather than a statute of limitations. Here, although North–West's original action was commenced within the 1–year time period, that action was dismissed. At the time of the dismissal on December 1, 1979, the 1–year policy limitation had effectively run as if the April 1977 action had never been brought. Logan's new cause of action, filed nearly 5½ years after the discovery of the loss, was clearly barred by the 1–year policy limitation.

Logan also claims that North–West has waived the right to assert the 1–year policy limitation, or in the alternative that it is estopped from asserting the policy limitation. We find no evidence of either waiver or estoppel.

Waiver is defined as "the voluntary and intentional relinquishment or abandonment of a known right, with the insurer's full knowledge of all the facts pertaining thereto . . ." *Morrissette v. Continental Life & Accident Co.*, 9 Wn. App. 789, 791, 514 P.2d 1391 (1973). A party seeking to avoid a summary judgment cannot simply rest on the conclusory allegations in his pleadings, but the party must affirmatively present factual evidence upon which he relies. *Mackey v. Graham*, 99 Wn.2d 572, 576, 663 P.2d 490, *cert. denied*, 464 U.S. 894 (1983). Logan did not present any affidavits asserting that North–West voluntarily and intentionally waived its right to assert the 1–year policy limitation. Therefore, there is no genuine issue of material fact

concerning waiver.

 An insurer may be estopped from asserting a right where the assertion of the right would be inequitable. *Morrissette,* 9 Wn. App. at 791–92. Logan asserts that it would be inequitable to allow the insurer to assert the policy limitation against him. There are three requirements for equitable estoppel:

> (1) An admission, statement, or act inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party from allowing the first party to contradict or repudiate such admission, statement, or act.

*Rel v. Douglas Cy. Civil Serv. Comm'n,* 20 Wn. App. 764, 766, 581 P.2d 1090 (1978), *review denied,* 91 Wn.2d 1011 (1979). An insurer will be estopped from insisting upon a forfeiture if the insurer's agreement, declaration, or course of action leads the insured to conduct based on that insured's honest belief that forfeiture of his policy will not occur. *See Staats v. Pioneer Ins. Ass'n,* 55 Wash. 51, 57, 104 P. 185 (1909). Once a suit has been brought, more positive evidence of misleading conduct should be required because the parties are dealing at arm's length. *See Fratto v. New Amsterdam Cas. Co.,* 434 Pa. 136, 252 A.2d 606, 608 (1969).

The elements of estoppel are not present here. North–West did nothing to lure Logan into thinking that the loss would be paid or to prevent Logan from asserting a cause of action for coverage under the policy. On the contrary, North–West brought a suit for a declaratory judgment, asserting that no coverage should be allowed under the policy because Logan allegedly caused the property to be burned. Logan can hardly claim that this conduct, *i.e.,* North–West's filing a complaint for declaratory judgment, lured Logan into believing that he need not assert his position, either by filing a counterclaim in that cause of action or by filing a separate action within the 1–year limitation

period. Logan presented absolutely no evidence of conduct by North–West that would support his claim of estoppel. Failing that, Logan is unable to withstand the motion for summary judgment. *See Mackey v. Graham, supra.*

The dismissal of Logan's cause of action is affirmed.

WORSWICK, C.J., concurs.

PETRICH, J. (concurring)—I concur in the result reached by the majority and agree that the 1–year time limit for suits on an insurance policy is a valid and enforceable provision and that the 1–year time limitation expired when North–West's original declaratory judgment action was dismissed. However, I disagree with the majority when it holds that a declaratory judgment action commenced by the insurance company within the specified time period to determine its obligations under the policy does not satisfy the time limitation for suits on the policy. Such a holding is not necessary to the opinion and is mere dicta. The case of *Farmers Ins. Group v. Johnson,* 43 Wn. App. 39, 715 P.2d 144 (1986) is scant authority for such a holding. In *Johnson* the issue of the applicability of the 1–year time limitation was not properly presented by the appellant and there the issue should have been resolved on that basis. Furthermore, the *Johnson* holding that a declaratory judgment action does not qualify as an action for recovery of an insurance claim is devoid of any authority or supporting reasons.

The Uniform Declaratory Judgments Act of this state provides, so far as is material here, the following:

> Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. An action or proceeding shall not be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree.

RCW 7.24.010.

> A person interested under a . . . written contract . . . or whose rights, status or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status or other legal relations thereunder.

RCW 7.24.020.

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

RCW 7.24.110, in part.

> This chapter is declared to be remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered.

RCW 7.24.120.

Because a declaratory judgment has the force and effect of a final judgment it is res judicata of the matters at issue as between the parties and their privies. 22 Am. Jur. 2d *Declaratory Judgments* § 102. Any person whose rights could be affected by the declaratory judgment are necessary parties and must be joined in the action. *Glandon v. Searle,* 68 Wn.2d 199, 412 P.2d 116 (1966).

If in the case before us a judgment had been entered on North–West's complaint for declaratory relief, it would act as a bar to any suit by Logan for recovery under the policy even though it was initiated within the required time limitation.

If, as the majority contends, a declaratory judgment action does not qualify as an action for recovery under the policy, the application of the well settled rules of res judicata to a judgment for declaratory relief would effectively deny the insured his right to sue for recovery even though the insured's suit was initiated in a timely fashion and even though the declaratory judgment favored the insured. Such cannot be the case.

If the issue was necessary to a resolution of this case,

which it is not, I would hold that North–West's declaratory judgment action, initiated well within the specified time limit, in which it sought to determine its obligation to pay under its policy satisfied the policy's requirements of a suit for recovery under the policy. Nevertheless, since, in the case before us, the declaratory judgment action was dismissed before judgment was entered and the time limitation period is calculated as if the declaratory judgment had not been filed, the time period within which suit must be initiated had expired long before this suit was started and dismissal was proper.