[No. 44384-4-I.   Division One.   May 1, 2000.]

DEBRA WOTHERS, *Appellant*, v. FARMERS INSURANCE COMPANY, *Respondent*.

*Thomas G. Batson*, for appellant.

*Thomas Lether* and *Gregory D. Zamudio* (of *Clarke, Bovington, Cole, Mills & Lether, P.C.*), for respondent.

GROSSE, J. — An insured who is required under a policy to "bring suit" within one year of the date of loss does not comply with that requirement by the mere filing of the suit but without proper service of process within 90 days. We accord the same meaning to "bring suit" under the policy as to the term "commencement of an action" in CR 3 and RCW 4.16.170. Timely service did not occur here. The trial court's order dismissing this action is affirmed. However, the record does not establish a proper basis for an award of fees and costs. The trial court erred in awarding fees and costs to the insurance company in excess of those contained in RCW 4.84.010.

## FACTS

Deborah Wothers was insured under a policy issued by Farmers Insurance Company of Washington (Farmers). On the evening of December 29 or the early morning of December 30, 1996, snow and ice accumulations caused a portion

of the roof at Wothers' residence to collapse. Other damage resulted. Wothers reported the loss immediately. The following morning, Farmers contacted a licensed contractor to assess the damage and stabilize Wothers' property. Additionally, Farmers conducted site inspections and hired structural engineers to review the extent of the loss.

Over the course of many months, Farmers paid Wothers amounts equaling the repair bid, expenses for her family living outside of the home, architectural fees, emergency repair fees, and permit fees. Wothers continued to claim that the snow accumulation caused portions of the house foundation to settle and crack. In response, Farmers had an engineer inspect the foundation. This engineer concluded that the foundation, which was approximately 70 years old, had simply settled over time, likely before the snowstorm. Wothers also hired an engineer who reached the same conclusion. However, at Wothers' request, Farmers retained yet another engineer to reinspect the property and foundation. He reported that the amount of new movement due to the snow storm was approximately one-third of the total settlement. Based on this report, Farmers paid Wothers one-third of this engineer's repair estimate and his fee as well.

Despite the report and payment, Wothers continued to dispute the amount Farmers provided for foundation repairs. She retained counsel. Counsel sent Farmers a letter stating that Wothers would accept Farmers' prior payments only as partial settlement of her claim and that she was claiming additional damages. In response, Farmers indicated that she could negotiate the amount of the payments without waiving any future claims. However, Farmers specifically requested further documentation. Three months later, Wothers failed to submit additional information or documentation. Farmers contacted her counsel who did not respond. Later that month Wothers ordered the contractor to stop all work on the property. Thereafter, Wothers proceeded to repair the residence using a different

contractor. These repairs included significant aesthetic improvements and upgrades.

Farmers again wrote counsel requesting information on Wothers' additional claims. No response was forthcoming. Twice more Farmers wrote to Wothers' counsel with the same result. Finally, on December 10, 1997, counsel for Wothers informed Farmers that suit would be filed. Later that same day different counsel called Farmers stating that he was replacing Wothers' former counsel. Farmers again requested information supporting any additional repair costs. Farmers also requested that the parties attempt to resolve any dispute through appraisal as provided for under the policy. Wothers' new counsel agreed to provide information on additional repair costs and to seek an appraisal if Farmers had "workable figures." However, Wothers failed to provide any of the requested damage information.

Wothers filed suit on December 29, 1997. The complaint alleged breach of contract and violation of the Consumer Protection Act. Farmers was served 99 days later on April 7, 1998.

In answer to the complaint Farmers set forth several affirmative defenses, claimed a violation of CR 11, but did not deny coverage. Farmers claimed Wothers could not or would not set out necessary repairs from other upgrades and that she refused an appraisal of the loss.

Farmers filed a motion for summary judgment. On March 26, 1999, the trial court dismissed all claims, holding that Wothers failed to bring the underlying suit within one year of the date of the loss, and, alternatively, that she failed to comply with the terms and conditions of the policy by refusing to submit the claim to appraisal. The court also dismissed Wothers' extra contractual claims and entered a final judgment awarding attorney fees and costs to Farmers. Wothers appeals.

## DISCUSSION

The usual standard for reviewing summary judg-

ment applies.[1] By failing to serve Farmers with the complaint within the required limitation time period set by the contract of insurance, Wothers failed to "bring suit" within one year of the date of loss as required by the policy.[2] Although filed in superior court, the complaint was not served on Farmers within the requisite 90 days. Thus, the "action" was incomplete. Washington courts have repeatedly held that the mere filing of a complaint alone does not constitute the commencement of an action for the purposes of tolling any applicable statute of limitation, whether statutory or by contract. A person bringing suit must also serve the defendant within 90 days of the date of filing in order for the commencement to be complete.[3] RCW 4.16.170 provides that either service or filing tentatively tolls the statute of limitation. If the additional step (service after filing or filing after service) is not accomplished within 90 days, the action is treated as if it had not been commenced.[4]

Wothers' argument that RCW 4.16.170 applies only to statutes of limitation and not contractual limitations is incorrect. "A contract limitation period prevails over the general statute of limitations unless prohibited by statute or public policy, or unless the provision is unreasonable."[5] A statute of limitation cannot enlarge the time for the commencement of an action when the time limitation therefor

---

[1] Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c). This court engages in the same inquiry as the trial court on the record that was before it. The motion will be granted, considering the evidence in the light most favorable to the nonmoving party. *Reynolds v. Hicks*, 134 Wn.2d 491, 495, 951 P.2d 761 (1998).

[2] "Washington courts have upheld the validity of the 1-year limitation in insurance contracts." *Ashburn v. Safeco Ins. Co. of Am.*, 42 Wn. App. 692, 695, 713 P.2d 742 (1986) (citing a number of other cases.)

[3] CR 3; RCW 4.16.170; *see also Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 328, 815 P.2d 781 (1991).

[4] *Collins v. Lomas & Nettleton Co.*, 29 Wn. App. 415, 418, 628 P.2d 855 (1981).

[5] *Yakima Asphalt Paving Co. v. Department of Transp.*, 45 Wn. App. 663, 666, 726 P.2d 1021 (1986) (citing *Ashburn v. Safeco Ins. Co. of Am.*, 42 Wn. App. 692, 713 P.2d 742 (1986)).

is fixed by contract.[6] Here, Wothers failed to bring suit within the one-year period fixed by the policy. The trial court was correct in granting summary judgment.[7]

■ Farmers also sought a final judgment and an award of attorney fees and costs. However, the insurance contract at issue does not contain a provision for the award of fees and costs, nor is there any other basis given for an award of those fees and costs on any recognized ground. In its brief Farmers concedes this fact but argues that the likely basis for the award of fees and costs was its request under CR 11. But, as conceded at oral argument, the trial court failed to make the mandatory and required findings under CR 11. Thus any award beyond statutory fees and costs was in error.[8]

The summary judgment for Farmers is affirmed. The award of fees and costs is reversed and remanded to the trial court for entry of an award limited to statutory fees and costs.

AGID, C.J., and COX, J., concur.

---

[6] *Lane v. Department of Labor & Indus.*, 21 Wn.2d 420, 151 P.2d 440 (1944); *see Logan v. North-West Ins. Co.*, 45 Wn. App. 95, 99, 724 P.2d 1059 (1986).

[7] Farmers demanded appraisal of the dollar dispute long before the tolling of the limitation period contained in the contract of insurance. Because appraisal is mandatory in the contract, and many notices of that fact were given to Wothers and her attorneys before the one year from the date of loss period expired, the trial court is also correct that summary judgment is appropriate on this basis.

[8] *See Doe v. Spokane & Inland Empire Blood Bank*, 55 Wn. App. 106, 110-11, 780 P.2d 853 (1989).