TODD PACIFIC SHIPYARDS, INC., Plaintiff–Appellant,

v.

WESTPORT INSURANCE CORPORATION; Allianz Insurance Co., Defendants–Appellees.

No. 03–35515.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 25, 2004.

William F. Cronin, Esq., Michael A. Moore, Esq., Corr Cronin LLP, Seattle, WA, for Plaintiff–Appellant.

1. Wash. Rev.Code § 48.18.200(1)(c).

2. There was no showing of diligence by Todd or of bad faith or deception by the insurers. *See, e.g., State v. McLean (In re Carlstad),* 150 Wash.2d 583, 80 P.3d 587, 591–92 (2003);

Scott G. Johnson, Esq., Patrick E. Shipstead, Robins, Kaplan, Miller & Ciresi LLP, Santa Ana, CA, Lawrence D. Mason, Esq., David E. Heiss, Esq., Peter E. Kanaris, Esq., Daar Fisher Kanaris & Vanek, Patrick S. Brady, Carl Edward Forsberg, Esq., Catherine E. Doudnikoff, Forsberg & Umlauf, P.S., Seattle, WA, for Defendants–Appellees.

Before: KOZINSKI, FERNANDEZ, and CLIFTON, Circuit Judges.

MEMORANDUM *

Todd Pacific Shipyards, Inc., appeals the district court's grant of summary judgment to Westport Insurance Corp. and Allianz Insurance Co. on Todd's claim for insurance benefits. We affirm.

(1) Washington law permits one year limitation clauses in insurance contracts,[1] and Todd does not persuade us that tolling, equitable[2] or otherwise,[3] would be proper under Washington law. Thus, Todd's action was barred.

(2) Todd also asserts that removal of the action from state to federal court was procedurally defective,[4] but whether there

*Millay v. Cam,* 135 Wash.2d 193, 955 P.2d 791, 797 (1998); *Gunnier v. Yakima Heart Ctr., Inc.,* 134 Wash.2d 854, 953 P.2d 1162, 1168 (1998); *Douchette v. Bethel Sch. Dist. No. 403,* 117 Wash.2d 805, 818 P.2d 1362, 1364–65 & n. 6 (1991).

3. *See, e.g., Logan v. N.-W. Ins. Co.,* 45 Wash. App. 95, 724 P.2d 1059, 1061 (1986); *Wothers v. Farmers Ins. Co.,* 101 Wash.App. 75, 5 P.3d 719, 721 (2000).

4. *See* 28 U.S.C. § 1446(b).

was a procedural defect or not, Westport's joining in the notice of removal and the later entry of judgment cured any problem. *See Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970–71 (9th Cir.2002); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir.1998).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.