Mr. Rick Johnson Chairman, State Board of Sanitarians 4815 West Markham Little Rock, AR 72205
Dear Mr. Johnson:
This is in response to your request for an opinion concerning the Arkansas Department of Health's ("Department") policy to not allow registered sanitarians employed by the Department to conduct home loan inspections. The Department decided as of January 1, 1991, that it would no longer conduct these surveys, and its restriction as to Department employees also prevents the sanitarians from conducting inspections on their own time.
You state that several sanitarians have voiced concerns that they are being discriminated against because of their employment with the Department, and that they should be allowed to do the surveys on their own time because this is not a mandated Health Department duty. You state that some have suggested that the surveys be conducted outside their assigned routine work area to avoid any possible conflicts of interest.
It is my opinion that the Department's policy would in all likelihood survive scrutiny upon challenge.[1] Legislative intent to vest the Director of the Department with broad authority in connection with personnel matters is apparent under A.C.A. § 25-9-101, wherein it states:
 The Director of the Department of Health, with the advice and consent of the Governor, shall appoint the heads of the respective divisions. All other personnel of the Department of Health shall be employed by and shall serve at the pleasure of the Director of the Department of Health, provided that nothing in this section shall be so construed as to reduce any right which an employee of the Department of Health shall have under any civil service or merit system.
Each division of the Department is under the "direction, control, and supervision of the director." A.C.A. § 25-9-101(d).
It may reasonably be concluded that the Director's authority generally extends to decisions involving services to be performed by the Department, including the impact of outside employment on these services. Outside employment limitations or prohibitions that are aimed at avoiding conflicts or incompatibility between private interests and public duties have, in various employment settings, withstood challenges based on assertions that they violate due process of law. 16D C.J.S. Constitutional Law (1985). See, e.g., Mackey v. Graham, 99 Wash.2d 572, 663 P.2d 490
(1983);[2] Guzell v. Civil Service Commission,17 Ill. App. 3d 266, 308 N.E.2d 351 (1974). And because there appears to be no "suspect class" involved, so as to trigger "strict scrutiny," the limitation on the registered sanitarians' private employment need only have a rational basis, and be neither arbitrary nor unreasonable, in order to withstand scrutiny under the Equal Protection Clause. See generally Fontiero v. Richardson,411 U.S. 677 (1973); Lalli v. Lalli, 439 U.S. 259 (1978).
Although we have not viewed the actual policy in question, the Department of Health's oversight function in connection with sanitary conditions within the state would appear to form a sufficient basis for this type of outside employment limitation. With regard to the suggestion that the surveys be conducted outside the registered sanitarians' assigned routine work area, it must be noted that an expression of view as to the desirability or suitability of such a suggestion is not properly within the scope of this opinion. A revision of the policy is a matter for determination by the Department within the ambit of its regulatory authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The most likely basis for a challenge would be theFourteenth Amendment Due Process and/or Equal Protection Clauses. U.S. Const. amend. XIV, § 1.
[2] The court in Mackey noted that "[m]oreover courts have upheld even absolute prohibitions against outside employment," citing Gosney v. Sonora Indep. Sch. Dist., 603 F.2d 522 (5th Cir. 1979). Mackey, 663 P.2d at 492.