[No. 7597-1-II. Division Two. January 28, 1986.]

WARREN T. ASHBURN, ET AL, *Appellants,* v. SAFECO INSURANCE COMPANY OF AMERICA, *Respondent.*

---

*James E. Warme* and *Calbom, Pond, Falkenstein, Warme & Engstrom,* for appellants.

*Donald C. Harrison* and *Vali Somers,* for respondent.

PETRICH, J.—Warren and Delores Ashburn appeal summary judgment dismissing their claim against Safeco Insurance Company of America, on the ground the Ashburns brought suit to collect for property damage on an insurance policy after expiration of the 12–month limitation of actions period provided in the contract.

The issue raised by the Ashburns is whether the 1–year contractual period of limitation of action on an insurance contract prevails over the statutory period of limitations on contracts even though the insurance company claims no prejudice. We conclude that the 1–year limitation of actions provision in the insurance contract is a valid and enforce-

able contract provision. Accordingly, we affirm the trial court's decision.

The eruption of Mt. St. Helens on May 18, 1980, caused a series of mud flows that destroyed property of many owners, including the Ashburns. The Ashburns' property had been insured by a Safeco standard fire insurance policy with extended coverage.

Following the eruption, various parties filed suit to recover under their insurance policies. The suits were dismissed at the superior court level, when the court employed the immediate physical causation rule of *Bruener v. Twin City Fire Ins. Co.*, 37 Wn.2d 181, 222 P.2d 833, 23 A.L.R.2d 385 (1950) to the express exclusions contained in the policies. At least three of the parties in these suits appealed. In *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 538–39, 656 P.2d 1077 (1983), the Washington Supreme Court reversed the superior court, overruling *Bruener v. Twin City Fire Ins. Co.* The court adopted an expanded definition of causation and made coverage for those persons damaged by the eruption a jury question.

After the *Graham* decision, and 22 months after sustaining the damage, the Ashburns on March 16, 1983, filed suit, alleging that Safeco had breached its insurance policy contract by refusing to pay their claim. Safeco moved for summary judgment on the basis that the Ashburns' suit was barred by the 1–year limitation clause in the policy:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all requirements of this policy shall have been complied with, and unless commenced within twelve months next after the inception of the loss.

The Ashburns first argue that the 1–year limitation provision is invalid because it frustrates their reasonable expectation of coverage in the event of loss. They argue that insurance contracts are to be interpreted with regard to the purpose of the contract and the understanding of the insured. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wn.2d 432, 545 P.2d 1193 (1976); *Farmers Home Mut. Ins. Co. v.*

*Insurance Co. of North Am.,* 20 Wn. App. 815, 583 P.2d 644 (1978), *cert. denied,* 442 U.S. 942, 61 L. Ed. 2d 312, 99 S. Ct. 2885 (1979). Here, they maintain that the 1–year limitation unfairly thwarts the expectations of the property owners.

We recognize that the insured expects to be covered in the event of property loss and to be treated with good faith by insurance companies. RCW 48.01.030. The cases of *Morgan v. Prudential Ins. Co. of Am., supra,* and *Farmers Home Mut. Ins. Co. v. Insurance Co. of North Am., supra,* cited by the Ashburns, all relate to extent of coverage and construe ambiguities in this area in favor of the insured. Here, however, no issue is raised regarding extent of coverage. The policy unambiguously requires that suit be brought within 12 months after a loss.

An insurance contract may include reasonable limitations on liability. Washington courts have upheld the validity of the 1–year limitation in insurance contracts. *Hefner v. Great Am. Ins. Co.,* 126 Wash. 390, 218 P. 206 (1923); *Johnson v. Phoenix Assur. Co.,* 70 Wn.2d 726, 425 P.2d 1 (1967); *Simms v. Allstate Ins. Co.,* 27 Wn. App. 872, 621 P.2d 155 (1980). We conclude that the unambiguous contract provision limiting the right of action on the Ashburns' insurance contract does not frustrate the reasonable expectation of the insured and the purpose of the contract.

The Ashburns next contend that the 1–year limitation is void because it conflicts with the 6–year statutory limitation period for written contracts. RCW 4.16.010;[1] RCW 4.16.040. Further, they argue that contract provisions, which conflict with the statutory period of limitations, are invalid because they unconstitutionally discriminate against those who are poor and lack knowledge of their rights. *Hunter v. North Mason High Sch. & Sch. Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975). Such provisions are unfair, they contend, and therefore violate both former RCW 18.01.030, which establishes that insurance companies

---

[1]Repealed by Laws of 1984, ch. 76, § 9.

must deal fairly with those they insure, and constitutional provisions dealing with equal protection and privileges and immunities of citizens.

■ Limitation of actions provisions in a contract prevail over general statutes of limitations unless prohibited by statute or public policy, or unless they are unreasonable. *See State Ins. Co. v. Meesman,* 2 Wash. 459, 27 P. 77 (1891); 51 Am. Jur. 2d *Limitation of Actions* § 64 (1970). The Ashburns urge this court to adopt Nebraska's rule that contract limitation of actions provisions which conflict with statutory time periods are void. *Dunlop Tire & Rubber Corp. v. Ryan,* 171 Neb. 820, 108 N.W.2d 84, 88 (1961). However, a Nebraska statute specifically forbids contractual limitation provisions that vary from the general statute of limitations. Neb. Rev. Stat. § 44–357 (1943). Washington has no such statutory prohibition.

We note that a contract provision may be unenforceable if it conflicts with a specific statutory objective. A Washington court has struck down a policy's 1–year limitation clause appended to the uninsured motorist coverage endorsement. *Signal Ins. Co. v. Walden,* 10 Wn. App. 350, 517 P.2d 611 (1973), *review denied,* 83 Wn.2d 1013 (1974). There, the court concluded that the purpose of the uninsured motorist statute, RCW 48.22.030, was to insure that "a claimant shall have the same rights in an uninsured motorist situation as he would have against a responsible third party." *Signal Ins. Co. v. Walden,* 10 Wn. App. at 353–54. The adhesion contract there afforded the insured no opportunity to bargain for modifications of the uninsured motorist coverage. Such coverage could only be accepted or rejected as a package. Absent a rejection of such coverage, any attempt to provide less protection than statutorily required was declared to be against public policy. Here, the 1–year limitation of action provision does not undermine the purpose of any statute designed to provide a claimant with a right of coverage. Further, we have found no statute which prohibits the contractual 1–year limitation provision. To the contrary, in providing that limitation of a

right of action in an insurance policy may not be less than 1 year from the date of loss, RCW 48.18.200 impliedly authorizes (but does not require) such a period.

■ The Ashburns assert that limitations shorter than the 6–year statutory time period are unenforceable because they violate the equal protection clause of the Fourteenth Amendment and the privileges and immunities clause, article 1, section 12 of the state constitution.[2] Statutory classifications that limit tort rights of action against the government violate equal protection if they fail to meet the appropriate constitutional test. *Hunter v. North Mason High Sch. & Sch. Dist. 403, supra; Jenkins v. State,* 85 Wn.2d 883, 540 P.2d 1363 (1975). Here, the contract limitation does not violate equal protection or deny to the Ashburns the privileges and immunities guaranteed under Const. art. 1, § 12, because there is no state action. *Long v. Chiropractic Soc'y,* 93 Wn.2d 757, 613 P.2d 124 (1980). Although RCW 48.18.200(1)(c) allows insurers to contract for limitation of action provisions, such a statute is merely permissive. *Kennebec, Inc. v. Bank of the West,* 88 Wn.2d 718, 725–26, 565 P.2d 812 (1977). At issue here is a contract between private parties. Contract provisions between private parties are legitimate if the parties contract within the bounds of the law. *Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wn.2d 203, 210, 643 P.2d 441 (1982); *Trinity Universal Ins. Co. v. Willrich,* 13 Wn.2d 263, 272, 124 P.2d 950, 142 A.L.R. 1 (1942). Absent significant state action the claims of equal protection and privileges and immunities fail.

We therefore conclude that the 1–year contract limitation is not precluded by the general statute of limitations or other statutory provisions. Furthermore, it does not violate the Ashburns' constitutional rights under either the federal

---

[2]The federal equal protection clause of the Fourteenth Amendment and the privileges and immunities clause of article 1, section 12 of the state constitution are substantially identical mandates prohibiting invidious discrimination by the State in the enactment and enforcement of its laws. *State v. Perrigoue,* 81 Wn.2d 640, 503 P.2d 1063 (1972).

or state constitutions.

The Ashburns next contend that enforcement of the limitation of actions clause would allow Safeco to avoid all contract liability and thereby impose a penalty or forfeiture, a result not favored in law. They argue that the 1–year limitation is a condition precedent since suit must be brought before there is a right to immediate performance. Conditions precedent are not favored by the courts and will be excused if enforcement would involve extreme forfeiture or penalty and if the condition does not form an essential part of the bargain. Restatement (Second) of Contracts § 229 (1982). The Ashburns contend that the requirement to file suit within 1 year, having no relationship to the loss involved, ought to be excused because it would deny coverage and deprive them of all rights, and compliance therewith has no material value to Safeco.

■ The 1–year limitation of actions provision in the contract, however, is not a condition precedent, as the Ashburns assert. Conditions precedent are those facts and events occurring subsequent to the making of the contract that must exist before there is a right to immediate performance. Restatement (Second) of Contracts § 224 (1982). Here, the filing of the suit within 1 year was not a condition which must exist before Safeco had a duty to perform. Safeco had a duty to perform as soon as the Ashburns filed a claim for a covered loss under the policy. Failure to institute suit within 1 year bars the judicial remedy for enforcing the duty that had come into existence when the Ashburns filed their claim. *See Ross v. Harding,* 64 Wn.2d 231, 236, 391 P.2d 526 (1964); Restatement (Second) of Contracts § 230 (1982). The Ashburns cannot rely on the forfeiture policies underlying conditions precedent in order to invalidate the contractual period of limitation.

Finally, the Ashburns argue that the remedial effect of the broad causation rule of *Graham v. Public Employees Mut. Ins. Co., supra,* should be extended to them because the public policy of insurance looks to broaden protection against economic loss. *Bradbury v. Aetna Cas. & Sur. Co.,*

19 Wn. App. 66, 573 P.2d 395 (1978), *aff'd,* 91 Wn.2d 504, 589 P.2d 785 (1979). They assert that the rule should be applied retroactively regardless of the contract limitation clause. However, even if we conclude that the expanded causation rule of *Graham* were to be applied to the Ashburns' situation, it would be of little help. The trial court granted summary judgment, not based on the controlling substantive law, but upon a contract provision barring a judicial remedy.

The Ashburns have failed to establish that this contract provision is unenforceable. Because they did not bring suit within the 1-year time period specified in the insurance contract, the trial court properly granted summary judgment in favor of Safeco.

Judgment affirmed.

WORSWICK, C.J., and REED, J., concur.

Review denied by Supreme Court March 21, 1986.