IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| WEST BEACH CONDOMINIUM, a Washington non-profit corporation, | ) ) ) ) | No. 79676-3-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | PUBLISHED OPINION |
| COMMONWEALTH INSURANCE COMPANY OF AMERICA, a foreign insurance company, | ) ) ) ) ) | |
| Respondent. | ) ) | FILED: January 13, 2020 |

ANDRUS, J. — West Beach Condominium appeals the dismissal of its claim that its property insurer, Commonwealth Insurance Company of America, wrongfully denied coverage. We conclude that the one-year suit limitation clause in the Commonwealth policies precludes West Beach from suing the insurer for breach of contract but does not bar West Beach's extra-contractual claims under the Insurance Fair Conduct Act and the Consumer Protection Act. We reverse the summary judgment in favor of Commonwealth and remand.

## FACTS

West Beach is a homeowner's association for a condominium complex in West Seattle. The 84 residential units in 3 buildings were constructed in the mid to late 1960s or early 1970s. In June 2015, West Beach retained Amento Group

to conduct an assessment and intrusive investigation of the building envelope on each of the 3 buildings. Amento Group reported the results of its investigation to West Beach on September 8, 2015—documenting water damage behind the exterior cladding and building envelope.

On September 26, 2016, West Beach submitted a claim for insurance coverage to Commonwealth.[1] Included with the claim letter was an Amento Group report that detailed the discovery of, among other things, deficiencies in flashings,[2] weather resistant barriers, and waterproofing transitions at elevated walkways and unit decks; moisture issues at the belly band and cold joints in one building; below grade water intrusion; insufficient exhaust of moisture from unit interiors; improper flashings; moisture damaged gypsum; lack of waterproofing of deck surfaces; deteriorated metal fascia at deck edges; and the lack of head flashing at sliding glass doors.

West Beach also notified Commonwealth it had filed a lawsuit against it to preserve claims that may become time barred. The parties agreed to enter into a tolling agreement effective September 22, 2016, and West Beach dismissed its complaint without prejudice to allow Commonwealth to conduct an investigation.

Commonwealth retained an engineering consultant to perform a visual inspection of the property on November 15, 2016. In March 2017, Commonwealth

---

[1] West Beach purchased three insurances policies through Commonwealth covering the years 2009 to 2012. The 2009 policy is not at issue on appeal. The 2010 and 2011 policies, materially identical, are "all-risk" policies.

[2] "Flashing" is a strip of sheet metal "bent to fit in the interior angle between a wall and a roof surface or in the valley between two intersecting roof surfaces in order to make a watertight joint." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 865 (2002).

denied coverage. It contended West Beach had been experiencing water intrusion issues for at least 10 years, and concluded that:

- All of the policies required suit to be commenced at least 12 months after the "occurrence" giving rise to the claim, and West Beach did not sue within that time period.

- The 2009 policy covered only direct physical loss or damage "commencing" during the policy period, and the 2010 and 2011 policies covered only direct physical loss or damage "occurring" during the policy periods. Commonwealth concluded that the losses West Beach had sustained neither commenced nor occurred during the applicable policy periods.

- The policies only covered "fortuitous risks," and none had been identified by West Beach.

- The policies did not cover faulty construction or inadequate repairs, and the Amento Group report identified numerous deficiencies that fell into this excluded category.

- The policies did not cover rust, corrosion, wear and tear, or gradual deterioration, and some of the losses fell into this excluded category.

- The policies excluded coverage for mold, bacteria, fungi, and wet or dry rot, and some of the losses fell into this excluded category.

Commonwealth also raised a number of other "potentially applicable" exclusions, including an exclusion for the settling, cracking, or expansion in foundations, and seepage of water below ground level.

In May 2017, West Beach refiled its complaint, alleging breach of contract, bad faith investigation, and Consumer Protection Act[3] (CPA) violations relating to the investigation of West Beach's claim and Commonwealth's denial of coverage. It subsequently filed an amended complaint, adding a claim for Insurance Fair

---

[3] Ch. 19.86 RCW.

Conduct Act[4] (IFCA) violations based on the same investigation and denial of coverage.

In December 2017, the trial court held the 2009 policy did not cover any of West Beach's losses because the claimed damage commenced years before 2009. It also held that Commonwealth's 2010 and 2011 all-risk policies covered damage from faulty construction, faulty maintenance, and wind-blown rain, contrary to the position Commonwealth had taken in its denial letter. It also concluded that the policies covered damage resulting from a combination of excluded and non-excluded perils. The court concluded that Commonwealth was liable for all covered damage if any of the damage occurred during the policy periods. But it found genuine issues of fact regarding the causes and timing of the claimed damages.[5]

Commonwealth then moved to dismiss West Beach's breach of contract claim based on the "suit limitation" provision in the policies. The provision at issue required any lawsuit to be filed no later than 12 months after discovery of the loss. Commonwealth argued that West Beach had notice of its loss no later than September 8, 2015, the date Amento Group presented the results of its investigation, and West Beach did not file suit within 1 year of that date. In August 2018, the trial court granted Commonwealth's motion and dismissed West Beach's breach of contract claim.

---

[4] RCW 48.30.015.

[5] Commonwealth does not challenge these December 2017 rulings.

That same month, as both parties prepared for trial, they filed motions for a legal ruling as to whether the suit limitation provision also barred West Beach's IFCA and CPA claims and, if not, what damages West Beach could recover. Commonwealth argued that the suit limitation clause not only barred a breach of contract claim but it also voided its underlying coverage obligations under the 2010 and 2011 policies. It maintained that under Coventry Associates v. American States Insurance Co., 136 Wn.2d 269, 961 P.2d 933 (1998), West Beach could not use the CPA or IFCA to obtain policy coverage that otherwise did not exist.

West Beach contended the suit limitation clause did not affect Commonwealth's obligations under the policy. It argued Coventry only addressed what damages a policyholder could recover in the absence of coverage. It asserted both IFCA and the CPA allow a policyholder to recover policy benefits when those benefits should have been paid by the insurer.

The trial court ruled that

> [i]n light of [its] August 17, 2018 order granting [Commonwealth's motion to enforce the suit limitation provisions], [West Beach] cannot establish that Commonwealth's coverage denial was unreasonable. [West Beach] failed to allege any consequential damages proximately caused by Commonwealth's alleged bad faith or breach of the [CPA], and it cannot seek contract damages on its extra-contractual claims.

It dismissed the bad faith, CPA, and IFCA claims with prejudice and entered judgment for Commonwealth.

West Beach sought direct review by the Supreme Court.[6] The Supreme Court transferred the appeal to this court.

## ANALYSIS

### A. Standard of Review

West Beach's claims were dismissed on pretrial dispositive motions analogous to a summary judgment. Under these circumstances, we review the trial court's ruling de novo. Havens v. C & D Plastics, Inc., 124 Wn.2d 158, 176, 876 P.2d 435 (1994) (where trial court's pretrial ruling had effect of dismissing cause of action, review is de novo). Moreover, the interpretation of an insurance policy is a question of law, also reviewed de novo. Woo v. Fireman's Fund Ins. Co., 161 Wn.2d 43, 52, 164 P.3d 454 (2007). When we construe the language of an insurance policy, we give it the same construction that an average person purchasing insurance would give the policy. Id.

### B. Commonwealth's Suit Limitation Clause

Commonwealth denied West Beach's coverage claim based on, among other reasons, the all-risk policies' suit limitation clause:[7]

> 22.　SUIT
>
> No suit, action or proceeding for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within Twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim. . . .

---

[6] West Beach does not appeal the dismissal of its breach of contract claim or the trial court's ruling that the 2009 policy affords no coverage. It assigns error only to the dismissal of its IFCA and CPA claims.

[7] RCW 48.18.200(1)(c) explicitly authorizes suit limitation clauses in insurance contracts.

West Beach argues that even though this suit limitation clause bars it from suing Commonwealth for breach of contract, it does not discharge the insurer's underlying coverage obligation. It contends that if Commonwealth violated IFCA and the CPA[8] by unreasonably denying its claim for coverage or payment of benefits, then it can recover the contractual benefits Commonwealth should have otherwise paid.

IFCA provides that "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained." RCW 48.30.015(1); see also Perez-Crisantos v. State Farm Fire & Cas. Co., 187 Wn.2d 669, 683, 389 P.3d 476 (2017) (claimant must prove the insurer unreasonably denied a claim for coverage or the insurer unreasonably denied payment of benefits).

And to prevail under the CPA, a plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) with a public interest impact, (4) injury to the plaintiff's business or property, and (5) causation. Ledcor Indus. (USA), Inc. v. Mut. of Enumclaw Ins. Co., 150 Wn. App. 1, 12, 206 P.3d 1255 (2009). A denial of coverage is not an unfair or deceptive act or practice if based on reasonable conduct by the insurer, even if the denial of

---

[8] West Beach also alleged that Commonwealth violated the CPA by violating several regulations dealing with the regulation of Unfair Claims Settlement Practices. See WAC 284-30-330(3) (failing to adopt and implement reasonable standards for prompt investigation of claims); WAC 284-30-330(4) (refusing to pay claims without conducting a reasonable investigation); WAC 284-30-330(5) (failing to affirm or deny coverage within a reasonable time); and WAC 284-30-370 (requiring completion of investigation within 30 days of notice of claim). West Beach does not address these allegations on appeal.

coverage is ultimately proved incorrect. Overton v. Consol. Ins. Co., 145 Wn.2d 417, 434, 38 P.3d 322 (2002).

Commonwealth concedes that its suit limitation clause does not bar extra-contractual claims. But it contends its denial of coverage was reasonable as a matter of law because West Beach's non-compliance with the suit limit clause nullified all underlying insurance coverage. Commonwealth relies on Lane v. Department of Labor & Industries, 21 Wn.2d 420, 151 P.2d 440 (1944), to argue that its suit limitation clause is analogous to a "nonclaim" statute under which the time limit for asserting a claim inheres in the right or obligation itself. It distinguishes this type of provision from a contractual modification of a statute of limitations that relates only to a contracting party's remedy wholly independent of any rights or duties under a contract.

We do not find the analogy to Lane persuasive. That case identified illustrations of nonclaim statutes—materialmen's liens, claims against an estate, claims against municipalities. Id. at 425. In each example, a statute created both a right of recovery and a time limitation in which to provide notice of a claim. If a claimant fails to give notice within the statutorily specified time, the right of recovery is completely extinguished, regardless of any statute of limitations for filing suit. Id.

But claims for coverage under an insurance policy are not analogous because the Commonwealth policies do not condition coverage on receipt of notice of a claim within a specified time period. The policies provided:

## 2. NOTIFICATION OF CLAIMS

The Insured, upon knowledge of any occurrence likely to give rise to a claim hereunder, shall give immediate written advice thereof to the person(s) or firm named for the purpose in the Declarations.

They also included the following paragraphs in the "General Conditions" sections:

## 11. NOTICE OF LOSS

The Insured shall as soon as practicable report in writing to the Company or its agent every loss, damage or occurrence which may give rise to a claim under this Policy and shall also file with the Company within Ninety (90) days from date of discovery of such loss, damage or occurrence, a detailed sworn proof of loss. . . .

## 12. PAYMENT OF LOSS

All adjusted claims shall be paid or made good to the Insured within Thirty (30) days after presentation and acceptance of satisfactory proof of interest and loss at the office of the Company. No loss shall be paid or made good if the Insured has collected the same from others.

Commonwealth's obligation to pay covered losses is triggered by the notice of loss, not the initiation of a lawsuit.

Commonwealth also relies on Ashburn v. Safeco Insurance Co. of America, 42 Wn. App. 692, 713 P.2d 742 (1986), to argue that the suit limitation clause limits its contractual coverage liability. But it misreads Ashburn. In that case, the Ashburns' home was damaged by a mud flow after Mt. St. Helens erupted in May 1980. Id. at 694. They sued Safeco for coverage under their insurance policy after the policy's one-year suit limitation clause expired. Id. at 693-94. The trial court granted, and Division Two affirmed, Safeco's motion for summary judgment based on the suit limitation clause. Id. at 694.

The Ashburns argued on appeal that the suit limitation clause was invalid because it frustrated their reasonable expectations of coverage in the event of loss and conflicted with the statute of limitations for contract claims. Id. at 695. The court recognized that "[an] insurance contract may include reasonable limitations on liability" and that the Ashburns' policy required suit to be filed within one year of their loss. Id. Given the lack of ambiguity in the extent of coverage, the court concluded that the limitation provision did not frustrate the insureds' reasonable expectation of coverage. Id.

As to the Ashburns' contention that the suit limitations period could not prevail over the contract statute of limitations, the court also disagreed. "Limitations of actions provisions in a contract prevail over general statutes of limitations unless prohibited by statute or public policy, or unless they are unreasonable." Id. at 696. The court held that the one-year suit limitation clause "bars the judicial remedy for enforcing the duty that had come into existence when the Ashburns filed their claim." Id. at 698.

We agree with Commonwealth that, under Ashburn, an insurance contract may place reasonable limits on the insurer's liability. But it does not follow from this premise that Commonwealth's suit limitation clause extinguishes coverage obligations if a lawsuit is not filed within a year of the loss. Ashburn makes it clear that this type of provision only bars a judicial remedy for breach of contract.

Commonwealth's reliance on similar language in Wothers v. Farmers Insurance Co. of Washington, 101 Wn. App. 75, 5 P.3d 719 (2000), and Simms v. Allstate Insurance Co., 27 Wn. App. 872, 621 P.2d 155 (1980), is also misplaced.

- 10 -

Both cases indicate that suit limitations clauses are contractual modifications of statutes of limitations. Wothers, 101 Wn. App. at 79; Simms, 27 Wn. App. at 876-77. Neither case holds that the expiration of a suit limitation period extinguishes the underlying coverage obligation.

We find more persuasive the reasoning of our federal judicial colleagues in Yancey v. Automobile Insurance Co. of Hartford, No. C11-1329RAJ, 2012 WL 12878687 (W.D. Wash. Oct. 23, 2012), and Lakewood Shores Homeowners Ass'n v. Continental Casualty Co., No. C18-1353MJP, 2018 WL 9439866 (W.D. Wash. Dec. 14, 2018). In Yancey, the insureds quickly notified Hartford that an accidental fire damaged their home on January 4, 2010. 2012 WL 12878687, at *1-2. Even though the extent of the damage and repair was in question, Hartford issued checks to the Yanceys for partial payment for the damage. Id. When the parties could not reach agreement on the amount of recoverable benefits, the Yanceys sued Hartford in July 2011. Id. at *2-3.

The Yanceys conceded that a breach of contract claim was barred because they filed suit more than one year after the date of loss, contrary to the policy's one-year suit limitation clause. Id. at *3-4. But as in this case, the Yanceys also alleged CPA and IFCA violations, which Hartford conceded were not barred by the one-year suit limitation period. Id. Instead, it argued that the suit limitation clause "not only prevented Ms. Yancey from suing for a breach of the Policy, it extinguished Hartford's obligation to pay Ms. Yancey." Id. at *9.

The federal court disagreed. Id. It relied on settled law that the expiration of a statutory limitation period does not extinguish legal obligations; "it simply

deprives the plaintiff of a legal remedy." Id. (citing Stenberg v. Pac. Power & Light Co., Inc., 104 Wn.2d 710, 714, 709 P.2d 793 (1985) ("A statute of limitation, in effect, deprives a plaintiff of the opportunity to invoke the power of the courts in support of an otherwise valid claim."); CHD, Inc. v. Taggart, 153 Wn. App. 94, 220 P.3d 229 (2009); Jordan v. Bergsma, 63 Wn. App. 825, 822 P.2d 319 (1992); Lombardo v. Mottola, 18 Wn. App. 227, 566 P.2d 1273 (1977)). The federal court acknowledged that no Washington court had directly addressed this issue with respect to a contractual limitations period, but relied on Ashburn for the proposition that a "contractual limitations clause [i]s a limitation on a legal remedy rather than a means to extinguish contractual duties." Id.

The federal court concluded that the language of the suit limitation clause provided only that a contract action could not be brought more than one year after the date of loss. Id. It specifically noted that the policy did not provide that Hartford's obligations ended at that time. Id.

In Lakewood Shores, a different federal court recently followed the reasoning in Yancey and held that "the suit limitation clause does not negate coverage, nor does it extinguish [the insurer's] obligations under the Policy." 2018 WL 9439866, at *3. The court further stated that it did not believe Yancey's reasoning applied only where an insured tendered the claim during the suit limitation period. 2018 WL 9439866, at *4 (citing and quoting Ashburn, 42 Wn. App. at 698, as explaining that "notwithstanding a one-year suit limitation clause, '[the insurer] had a duty to perform as soon as the [insureds] filed a claim for covered loss under the policy,' and that the insureds' 'failure to institute suit'

within one year barred only their 'judicial remedy for enforcing the duty that had come into existence when [they] filed their claim'") (alterations in original) (emphasis omitted).

As in Yancey and Lakewood Shores, Commonwealth's suit limitation clause says nothing about its underlying coverage obligations. It is thus merely a contractual modification to the statute of limitations otherwise applicable to West Beach's breach of contract claim. This clause does not negate coverage or extinguish Commonwealth's obligations under the all-risk policies.

The trial court's dismissal of West Beach's IFCA claim was based on its determination that the suit limitation clause made Commonwealth's denial of coverage reasonable as a matter of law. Because West Beach has an independent statutory claim for failure to provide coverage and because the coverage obligation was not extinguished by the suit limitation clause, the trial court erred in concluding that Commonwealth's denial of coverage was reasonable as a matter of law. Simms, 27 Wn. App. at 878 (holding that suit limitation clauses do not bar actions arising under an independent statutory scheme); see also Collazo v. Balboa Ins. Co., No. C13-0892-JCC, 2014 WL 12042561, at *2 (W.D. Wash. Oct. 22, 2014) ("[T]he suit-limitation clause does not affect Plaintiff's extra-contractual claims for bad faith, violation of the [CPA], and violation of [IFCA].").

We conclude the trial court erred by dismissing West Beach's extra-contractual claims based on the insurance policies' suit limitation clause.

- 13 -

C. West Beach's Recoverable Damages under IFCA and the CPA

Commonwealth argues that even if West Beach's IFCA and CPA claims survive, under Coventry Associates v. American States Insurance Co., West Beach cannot recover policy benefits as its damages.

In Coventry, an insured alleged its first party insurer failed to investigate its claim in good faith. 136 Wn.2d at 273-74. It sought policy benefits as its recoverable damages. Id. at 283. The Washington Supreme Court addressed whether "coverage by estoppel" was the appropriate remedy in that case. Id. at 284. It recognized that in the third party claim context, if an insurer acts in bad faith, that insurer is estopped from denying coverage, even if an otherwise good policy defense exists. Id. The Court held, however, that in the first party context, coverage by estoppel is not the appropriate remedy because "the loss in the first-party situation has been incurred before the insurance company is aware a claim exists." Id.

But coverage by estoppel was at issue in Coventry only because the parties both agreed that there was, in fact, no coverage for the claimed losses. Id. at 275. Coventry's only allegation was bad faith in the investigation of its claim, not bad faith in the denial of coverage. Id. It was in this context that the Court limited Coventry's damages to the amounts it incurred as a result of American States' bad faith investigation. Id. at 285; see also Peoples v. United Servs. Auto. Ass'n, No. 96931-1, slip op. at 12, __ Wn.2d __, __ P.3d __, 2019 WL 6336407, at *4 (Wash. Nov. 27, 2019), http://www.courts.wa.gov/opinions/pdf/969311.pdf (answering certified question from federal court and concluding that wrongfully denied

personal injury protection benefits constitute an injury to business or property under the CPA).

In this case, West Beach contends the Commonwealth all-risk policies actually cover its claimed losses. Under IFCA, a claimant is entitled to "actual damages sustained, together with the costs of the action." RCW 48.30.015(1). An insurer is liable for those damages proximately caused by its IFCA violations. Dees v. Allstate Ins. Co., 933 F. Supp. 2d 1299, 1312 (W.D. Wash. 2013). And under the CPA, a plaintiff must prove that the injury it sustained is causally linked to the unfair or deceptive act. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 793, 719 P.2d 531 (1986). The CPA allows a plaintiff "injured in his or her business or property" by a CPA violation to recover actual damages. RCW 19.86.090; see also Peoples, No. 96931-1, slip op. at 11, 2019 WL 6336407, at *4. And the "deprivation of contracted-for insurance benefits is an injury to 'business or property'." Peoples, No. 96931-1, slip op. at 7-8, 2019 WL 6336407, at *3. Thus, recoverable damages under both IFCA and the CPA can include policy benefits that were unreasonably denied, subject to the policy's limits and other applicable terms and conditions. Dees, 933 F. Supp. 2d at 1312-13; see also Schreib v. Am. Family Mut. Ins. Co., 129 F. Supp. 3d 1129, 1137 (W.D. Wash. 2015). Based on this reasoning, we conclude that Coventry does not apply unless and until a jury determines that no coverage exists under the two relevant policies.

We conclude the trial court erred by not allowing the jury to decide whether the damage at West Beach's property was caused by covered perils and, if so, whether Commonwealth unreasonably denied coverage and violated IFCA and the

CPA by failing to pay for that covered damage. We thus reverse the trial court's order granting Commonwealth's motion to enforce the <u>Coventry</u> limitation on damages for extra-contractual claims, the order denying West Beach's motion regarding its IFCA and CPA damages, and the judgment for Commonwealth. We remand to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

WE CONCUR:

Andrus, J.

Chun, J.