IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GARY G. GREGG, an individual, | ) | |
| | ) | No. 37855-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JRCC, INC., a Washington corporation; | ) | UNPUBLISHED OPINION |
| and JUST RIGHT CLEANING & | ) | |
| CONSTRUCTION, INC., a Washington | ) | |
| corporation; and, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| WESTERN SURETY COMPANY, a | ) | |
| foreign corporation; CAPITOL | ) | |
| INDEMENITY CORPORATION, a | ) | |
| foreign corporation, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

FEARING, J. — Owner Gary Gregg appeals the superior court's summary dismissal of his claims against contractor JRCC for defective workmanship. Because Gregg failed to comply with a pre-suit notice requirement, we affirm the dismissal.

FACTS

Gary Gregg owned Cougar Liquor in Soap Lake. Before the store's initial opening, an old ice machine malfunctioned and leaked water. The resulting flood damaged the main floor's tiling. Gary Gregg contracted with Just Right Cleaning &

Construction Inc. (JRCC) to install new floor tiles.  The written contract included a

"terms and conditions" section that read:

> 7.  If any dispute arises between the parties, the parties will make a good faith effort to first resolve the dispute without resort to litigation.  In the event a dispute arises and either party seeks and receives legal counsel for which a fee is charged, the prevailing party shall in all cases be awarded his or her reasonable attorneys' fees regardless of whether the dispute is resolved through settlement or arbitration.  [As] [a] condition precedent in any lawsuit, the Customer must first present any claim *in writing* to the contractor and provide the contractor a reasonable opportunity to correct or complete any work which the Customer claims to be defective and require correction or completion.  After complying with the preceding condition precedent, either party may file suit in an appropriate court of jurisdiction.
> . . . .
> 8.  Prior to making final payment to the contractor the customer may inspect the work to determine that the work has been completed according to the contract.  The Customer may prepare a written list of work that the customer believes should be completed or corrected according to the contract.  This written list is called a punch list.  There shall be only one punch list of work identifying work to be completed or corrected, and the list shall be signed by the Customer.  The contractor shall expeditiously complete all work stated on the punch list for which the contractor is responsible under the terms of the contract.  Upon the contractor's completion or correction of the work identified on the single written punch list any retainage or amount withheld from final payment shall be paid within the next five days to the contractor.
> 9.  The Customer cannot contract with any alternative contractor for the performance or completion of work, nor claim a credit or back charge for the cost of completing any item stated on the written punch list, nor occupy or use the contractor's work until and unless the contractor shall have first been given reasonable notice and opportunity to correct the work stated on the punch list.  If the Customer does contract with an alternative contractor to complete the project without first affording the opportunity to the contractor to do so, or if the Customer commences to use or occupy the space or work in which the contractor performed work, the customer then agrees to accept all work "as is" and thereby waves [sic] any claim against the contractor.

2

Clerk's Papers (CP) at 64 (emphasis added).

JRCC's tile work did not satisfy Gary Gregg. Gregg disliked the layout of different tile colors and grouting. Some tiles sat higher than others. Gregg informed JRCC workers verbally and visually of his complaints. JRCC removed the tiles showing the color that Gregg disliked. JRCC also attempted to fix some of the unevenness. Gregg remained unsatisfied with JRCC's fixes and concluded that the contractor was incompetent.

A substitute contractor, Kurt Moore, advised Gary Gregg to redo the tiling. Moore concluded that the grout was fracturing, JRCC unevenly laid the tile, and JRCC failed to properly affix the tile to the floor. Gregg contracted with Moore to replace the tiles applied by JRCC.

Gary Gregg's attorney mailed a demand letter to JRCC to pay $40,380.66, the cost of tile replacement by Kurt Moore. The letter threatened legal action on failure to pay the demanded sum. By the time counsel sent the letter, Moore had begun work on removing the tiling.

## PROCEDURE

Gary Gregg filed a breach of contract suit against Just Right Cleaning & Construction Inc. and JRCC Inc. for $40,380.66 based on the repair costs paid to Kurt Moore. We do not know the relationship between the defendant companies and treat

3

them as if they are one identity, as do the parties. JRCC filed a counterclaim seeking

$16,062.92 in outstanding payment for work performed. Gregg in turn filed a

counterclaim to JRCC's counterclaim. Gregg's reverse counterclaim alleged negligence,

negligent misrepresentation, breach of an implied covenant of good faith, and negligent

damage to real estate. Under these asserted theories, Gregg sought dismissal of JRCC's

counterclaim and damages.

The superior court granted JRCC's motion for summary judgment to dismiss Gary

Gregg's complaint. The court concluded that the pre-suit contractual language

constituted a condition precedent to suit. The superior court also dismissed Gregg's

counterclaim to the counterclaim under the statute of limitations, economic loss rule, and

contractual theories. The court awarded attorney fees to JRCC. JRCC transferred its

counterclaim to arbitration, where the counterclaim was dismissed.

## LAW AND ANALYSIS

On appeal, Gary Gregg challenges the superior court's grant of summary judgment

in favor of JRCC. The trial court's ruling and parties' briefing address whether the

contractual provision created a "condition precedent" to bringing suit. A condition

precedent is a fact or event, occurring subsequent to the making of a contract, which

event must occur before a right to immediate performance. *Ross v. Harding*, 64 Wn.2d

231, 236, 391 P.2d 526 (1964). The clauses in the JRCC contract do not identify facts or

events required to occur before JRCC's substantive performance of its obligations under

the contract. Rather, the clauses imposed procedural dispute requirements on the parties subsequent to performance and before suit. Different rules apply to dispute provisions. We characterize the contractual language as a "notice provision," not a condition precedent.

This court must enforce contractual notice provisions unless a party waives those procedures. *Mike M. Johnson, Inc. v. County of Spokane*, 150 Wn.2d 375, 386, 78 P.3d 161 (2003). Washington courts strictly uphold notice provisions as bars to relief. *NOVA Contracting, Inc. v. City of Olympia*, 191 Wn.2d 854, 857, 426 P.3d 685 (2018); *American Safety Casualty Insurance Co. v. City of Olympia*, 162 Wn.2d 762, 770, 174 P.3d 54 (2007).

We construe a contract as a whole and interpret a contract to effectuate all of its provisions. *Colorado Structures, Inc. v. Insurance Co. of the West*, 161 Wn.2d 577, 588, 167 P.3d 1125 (2007) (plurality opinion). Clause 7 of JRCC's contract required Gary Gregg to provide a written claim to JRCC and provide a reasonable opportunity for the company to correct defective work if Gregg wished to preserve his right to bring suit. Similarly, clause 9 required Gregg to provide JRCC a written list of complaints before resorting to an alternative contractor. These clauses demanded that Gregg, before hiring an alternate contractor, afford JRCC written notice of complaints and a reasonable opportunity to cure. Absent this notice, the contract barred judicial relief.

Gary Gregg argues that application of the notice provision in this case constitutes a disfavored forfeiture of a fundamental right. Conditions precedent will be excused if enforcement would involve extreme forfeiture or penalty and the condition does not form an essential part of the bargain. *Ashburn v. Safeco Insurance Co. of America*, 42 Wn. App. 692, 698, 713 P.2d 742 (1986). But a contractual limitation on a cause of action is not a condition precedent subject to forfeiture analysis. *Ashburn v. Safeco Insurance Co. of America*, 42 Wn. App. at 698. Washington public policy strongly favors alternate dispute resolution. *Absher Construction Co. v. Kent School District No. 415*, 77 Wn. App. 137, 146, 890 P.2d 1071 (1995). Our Supreme Court has "repeatedly upheld" notice provisions similar to the clauses in the JRCC contract. *NOVA Contracting, Inc. v. City of Olympia*, 191 Wn.2d 854, 865 (2018).

Gary Gregg next contends that, even if this court upholds the notice requirement, a material issue of fact remains as to whether Gregg provided JRCC with adequate notice of the defects and an opportunity to cure. Nevertheless, actual notice of a protest or claim will not excuse noncompliance with a notice provision unless the benefiting party's conduct evidences an intent to waive the notice provision. *Mike M. Johnson, Inc. v. County of Spokane*, 150 Wn.2d 375, 387-88, 391 (2003). Only unequivocal conduct evidences an intent to waive. *American Safety Casualty Insurance Co. v. City of Olympia*, 162 Wn.2d 762, 771 (2007).

6

Gary Gregg must demonstrate that JRCC unequivocally waived the notice provision. After Gregg verbally informed JRCC of his dissatisfaction, JRCC workers removed the tile color that Gregg disfavored and attempted to level some of the tiles. Gregg did not thereafter contact JRCC before Kurt Moore removed the tile installed by JRCC. JRCC never announced that it deemed its duties satisfied under the contract. These facts do not raise a question as to whether JRCC unequivocally waived the written notice provision.

Gary Gregg also contends that the trial court erred in dismissing his counterclaim to JRCC's counterclaim. He argues that, even if the notice provisions prevented him from filing suit against JRCC, they cannot be construed to preclude a counterclaim. But, as Gregg concedes, the economic loss rule barred any tort theories of recovery. The economic loss rule holds parties to their contract remedies when a loss implicates both tort and contract relief. *Alejandre v. Bull*, 159 Wn.2d 674, 681, 153 P.3d 864 (2007).

Gary Gregg's reverse counterclaim also advances contract theories of negligent misrepresentation and breach of the implied covenant of good faith. To the extent these theories asserted affirmative grounds for relief against JRCC, the parties' contractual notice provision barred them.

The trial court did not delineate whether any of the grounds Gary Gregg asserted in his counter-counterclaim survived as defenses to JRCC's counterclaim. Nevertheless,

Gregg successfully defended against JRCC's counterclaim in arbitration. JRCC does not cross appeal the arbitration decision.

Gary Gregg assigns error to the trial court's award of attorney fees to JRCC but submits no argument specific to this assignment. The law enforces contractual attorney fee provisions benefiting prevailing parties. RCW 4.84.330. Therefore, the trial court did not err.

JRCC requests attorney fees incurred on appeal. We grant this request based on the contractual attorney fee provision.

CONCLUSION

We affirm the trial court's grant of summary judgment on the original claim, dismissal of Gary Gregg's counterclaim to JRCC's counterclaim, and award of attorney fees to JRCC. We award JRCC attorney fees on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                          Staab, J.

8