
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| NORTHWOOD ESTATE, LLC, a Washington State Limited Liability Company, | ) ) ) | No. 38546-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LENNAR NORTHWEST, INC., a Delaware corporation, | ) ) | |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Lennar Northwest, Inc. (Lennar), and Northwood Estate, LLC, (Northwood) entered into a purchase and sale agreement (PSA) for several residential lots. According to the original PSA, Lennar would pay Northwood an additional $765,000 if Northwood completed a plat modification that changed 8 lots into 13 lots by the closing date. When Northwood failed to meet this deadline, the sale closed and the parties signed an amendment giving Northwood one additional year to finalize the plat modification with no further extensions. When Northwood failed to meet this second

deadline, Lennar assumed the plat revision and refused to pay the additional $765,000.

Shortly thereafter, the City of Edgewood (City) granted Lennar the revised plat.

Northwood sued Lennar, alleging breach of contract. Division Two of this court granted discretionary review and held that Northwood's obligation to finalize the plat modification was a condition precedent to Lennar's obligation to pay the additional sales price. *Northwood Estate, LLC v. Lennar NW., Inc.*, No. 52000-1-II, slip op. at 1 (Wash. Ct. App. Mar. 3, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf /D2%52000-1-II%20Unpublished%20Opinion.pdf. Nevertheless, the court held that equitable relief would be available to avoid extreme forfeiture if the condition precedent did not form an essential part of the bargain. *Id*. at 8. The court remanded for the trial court to determine if equitable relief was available and, if so, in what form it should take. *Id*. at 15, 17.

On remand, Lennar moved for summary judgment, arguing that the deadline for completing the plat modification was an essential part of the bargain because the contract includes a time-is-of-the-essence clause and Lennar relied on the deadline to schedule the development of the property. The trial court denied Lennar's motion, indicating that Lennar had waived strict application of the deadline by providing two prior extensions.

Northwood then filed for summary judgment, arguing that it was entitled to equitable relief. The court granted Northwood's motion, imposed an equitable grace

period, found that Northwood had complied with the condition and was entitled to the increased purchase price, prejudgment interest, and attorney fees.

Lennar appeals raising five issues: whether the trial court erred in (1) denying its motion for summary judgment, (2) concluding that the parties had waived the "time-is-of-the essence" provision, (3) finding waiver when that issue was not raised by either party, (4) failing to grant Lennar's motion for a continuance to conduct discovery, and (5) granting Northwood's motion for summary judgment.

While Lennar is generally precluded from appealing a denial of summary judgment under RAP 2.2, to the extent that the trial court found waiver of an essential term on summary judgment, such a finding was premature and based on contested evidence. Otherwise, we conclude that the trial court abused its discretion by denying Lennar's motion to continue Northwood's motion for summary judgment so that Lennar could conduct discovery. We reverse the judgment in favor of Northwood and remand for further proceedings.

BACKGROUND

The basic facts of this case were set out in a previous appeal to Division Two. *Northwood Estate, LLC*, No. 52000-1-II. Lennar is engaged in the business of the construction and sale of single-family residences. In December 2015, Lennar agreed to purchase from Northwood finished lots in a residential subdivision. The PSA provided that Lennar would pay an additional $765,000 if Northwood obtained a plat modification

3

that turned 8 lots into 13 lots by the closing date in the PSA—about a year out from

mutual acceptance of the PSA. When the sale closed on December 8, 2016, Northwood

had not started the plat modification. The parties agreed to a second amendment to the

PSA, giving Northwood until December 1, 2017, to complete the plat modifications. The

amendment provided that no additional extensions would be granted.

From December 2016 to December 2017, Northwood began the process of

obtaining a plat modification. Northwood maintains that it spent approximately $260,000

to prepare the plat modification, including engineering costs, surveying, and curb

modifications. On November 13, 2017, 18 days before the contract deadline, Northwood

submitted the plat modification. The City advised developers that plat modifications may

take up to 120 days to finalize. The City responded to Northwood's submission by

stating it would start review on January 9, 2018, due to the holiday season. Lennar then

advised Northwood that it would not be paying the additional sales price and notified the

City that it was assuming the plat modification.

Lennar completed the plat modification on January 10, 2018. Northwood sued for

payment for the additional lots contending that the PSA "time-is-of-the-essence"

provision was a covenant, not a condition precedent. Lennar argued that the provision

was a condition precedent and Northwood's failure to perform the condition extinguished

Lennar's payment obligation. Division Two granted discretionary review, and held that

the provision was a condition precedent. *Id.* at 17.

4

Despite finding a condition precedent, the court recognized that Northwood might be entitled to equitable relief. The court suggested that a "[c]ondition[ ] precedent 'will be excused if enforcement would involve extreme forfeiture or penalty and if the condition does not form an essential part of the bargain.'" *Id.* at 12 (quoting *Ashburn v. Safeco Ins. Co. of Am.*, 42 Wn. App. 692, 698, 713 P.2d 742 (1986)). Without deciding that the plat modification and deadline were essential to the contract, the court noted:

> Here, the plat modification deadline arguably may have been essential to the contract because the plat modification was the only remaining task under the contract and the parties' time-is-of-the-essence provision suggests that a condition involving the modification deadline was important.

*Id.* at 14. The court provided further guidance by recognizing several factors a court should consider in determining whether equitable relief is appropriate: "the amount that would be forfeited without the equitable relief sought, whether the failure to meet the deadline was inadvertent, and whether the other party was prejudiced by the delay." *Id.* at 13. In the end, the court remanded the case to address two issues: "whether equitable relief is appropriate to prevent forfeiture and, if so, what form that relief should take." *Id.* at 17.

On remand, Lennar moved for summary judgment arguing that because the contract included a time-is-of-the-essence provision, the deadline was material as a matter of law under a line of cases involving deadlines and time-is-of-the-essence provisions. The motion was accompanied by the declaration of Lennar's president,

5

No. 38546-9-III
*Northwood Estate, LLC v. Lennar Northwest, Inc.*

William Salvesen, explaining generally why Lennar includes a time-is-of-the-essence provision in its plat purchase agreements, and how the failure to meet a deadline affects Lennar's business. Specifically, he stated:

> The reason the "time is of the essence" provision is in Lennar's purchase and sale agreements is to emphasize that timelines/deadlines in Lennar's contracts are fundamental components of these agreements and to ensure that timelines/deadlines are strictly complied with.
>
> . . . Deadlines relating to when finished lots will be available for the commencement of construction of residences are an essential part of planning for Lennar. Having specific delivery dates for buildable lots allows Lennar to schedule and allocate resources most efficiently. This includes both mobilizing resources for construction of residences and the scheduling of marketing and sales activities. This also includes managing financial resources including acquisition and production costs and cash flows from sales. Finally, open ended delivery dates can result in greater risk if the market changes adversely.
>
> . . . In this particular case, the failure to make these lots available by the initial contract date had two impacts. If the lots had been available per the original schedule, the lots would have been built out and sold sooner. The delay reduces the rate of return on the project in addition to increasing holding costs. Second, the proceeds from sales would have been used to acquire additional lots on a shorter schedule generating greater revenue to Lennar.

CP at 142-43.

Northwood responded to Lennar's motion by arguing that since it had expended considerable time and resources to modify the plat, and the final plat was approved one month after the deadline with little additional work by Lennar, strict enforcement of the condition precedent failure would constitute an extreme forfeiture.

6

Northwood's manager is Satwant Singh, a subdivision developer, who testified to the costs and investment Northwood put into readying the lots in question for sale to Lennar in accord with the PSA and its modifications. Northwood also submitted a declaration of Singh that submitted facts supported by aerial photography that Lennar had other lots that sat dormant during the delay period. Singh testified that the lots averaged about $60,000 more in sale price.

The trial court denied Lennar's motion for summary judgment. Beyond denying the motion, the court suggested that it was affirmatively finding waiver of the time-is-of-the-essence contract provision:

> [LENNAR'S ATTORNEY]: I just want to understand. The basis of your ruling is that by entering into extension periods, my client—
>
> THE COURT: I don't have to make a finding at all. I think I have explained myself pretty clearly. On an order denying motion for summary judgment, I don't have to find anything. I have clearly said my understanding of what the Court of Appeals is doing here, and *my understanding of the facts are that there was an implied waiver of the "time is of the essence" clause*, and it would [be] inequitable to strictly enforce that and, essentially, forfeit the more than a quarter of a million dollars and almost—was it 750 hours of time that they claimed and the quarter of a million dollars in actual money expended?
> So as they are asking—the condition precedent should be not strictly enforced if they effectuate a harsh forfeiture. They do. Then the question is, what equitable relief is appropriate to prevent forfeiture? That, we haven't decided yet.

RP at 15-16 (emphasis added).

Two months later, Northwood moved for summary judgment on the "extreme forfeiture" issue. While Northwood's motion was pending, Lennar propounded discovery on the factors identified by Division Two that impact extreme forfeiture and equitable relief. The trial court denied Lennar's motion to continue under CR 56(f) and granted Northwood's motion for summary judgment without further explanation. Lennar timely appeals the order denying Lennar's summary judgment motion on extreme forfeiture, and the order granting Northwood's motion for summary judgment and denying Lennar's CR 56 motion.

## ANALYSIS

### A. WAIVER

We consider whether the trial court erred in finding as a matter of law that Lennar had waived strict enforcement of the deadline to complete the plat modification.

After finding that Northwood's completion of the plat modification was a condition precedent to Lennar's duty to pay the additional sales price, Division Two remanded for the trial court to determine if equitable relief was nonetheless available. In doing so, the court indicated that equitable relief is available to avoid extreme forfeiture so long as the condition did not form a material part of the bargain.

In its motion for summary judgment, Lennar argued that the court could find as a matter of law that the deadline was a material term because the contract included a time-is-of-the-essence clause and Lennar relied on deadlines in scheduling contractors to

8

develop the property. Northwood responded to the motion, arguing that the term was not essential, but did not argue waiver. In denying Lennar's motion, the trial court suggested that Lennar had waived strict application of the deadline by extending the deadline in prior contract modifications. It later made this finding explicit in its order granting Northwood's motion for summary judgment.

On appeal, Lennar contends that the trial court erred because waiver was not raised by Northwood, the finding of waiver was based on contested evidence and not appropriate for summary judgment, and the trial court should have granted Lennar's motion. We hold that the trial court erred by finding waiver because this conclusion was based on contested evidence and therefore not appropriate for determination on summary judgment.

Generally, Lennar would be precluded from appealing the denial of its summary judgment because such a decision is considered interlocutory. *Estates of Jones*, 170 Wn. App. at 605; RAP 2.2(a)(1). A denial may still be appealable if it affected a substantial right that determines the action and prevents a final judgment or discontinues an action. RAP 2.2(a)(3). Without regard for which competing summary judgment motion it was addressing, the trial court clearly found waiver, and used this conclusion to support its order granting a judgment in favor of Northwood. Therefore, Lennar is entitled to appeal this conclusion. RAP 2.2(a)(1), (3).

We review a trial court's grant of summary judgment de novo. *Green v. A.P.C.*, 136 Wn.2d 87, 94, 960 P.2d 912 (1998); *Kaplan v. Nw. Mut. Life Ins. Co.*, 115 Wn. App. 791, 799, 65 P.3d 16 (2003); *Keck v. Collins*, 184 Wn.2d 358, 370, 369 P.3d 1080 (2015). In doing so, we consider the evidence in a light most favorable to Lennar as the nonmoving party. *Keck*, 184 Wn.2d at 370. Summary judgment is appropriate only if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id*. A fact is "material" if it affects the outcome of the issue before the court. *Id*. at n.9. "An issue of material fact is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id*.

Contract waiver is a legal conclusion to be drawn from established facts. *Mid-Town Ltd. P'ship v. Preston*, 69 Wn. App. 227, 232, 848 P.2d 1268 (1993). If the facts and evidence are not in serious dispute, the issue can be decided as a matter of law. *Id*. "Waiver is the intentional abandonment or relinquishment of a known right. It must be shown by unequivocal acts or conduct showing an intent to waive, and the conduct must also be inconsistent with any intention other than to waive." *Id*. at 233. While waiver may be express or implied, it will not be inferred. *Vehicle/Vessel LLC v. Whitman County*, 122 Wn. App. 770, 778, 95 P.3d 394 (2004). Instead, the party claiming waiver, in this case Northwood, must present unequivocal acts or conduct that show an intent to waive. *Id*.

10

Whether a condition of the contract is essential or a breach is material constitutes a question of fact. *See 224 Westlake, LLC v. Engstrom Props., LLC*, 169 Wn. App. 700, 724, 281 P.3d 693 (2012). "A material breach is one that 'substantially defeats' a primary function of an agreement." *Id.* at 724 (quoting *Park Ave. Condo. Owners Ass'n v. Buchan Devs., LLC*, 117 Wn. App. 369, 383, 71 P.3d 692 (2003)).

In this case, the trial court found that Lennar waived the time-is-of-the-essence contract provision and any claim that time was essential when Lennar granted Northwood several extensions of time to complete the conditions. The court analogized the extensions to a vendor's acceptance of late payments in a PSA. We conclude that the prior amendments are legally insufficient to support waiver and the facts to support waiver are otherwise in dispute.

Even in situations where courts have found a temporary waiver through a history of accepting late payments, the vendor had the ability to reinforce strict adherence to a deadline by giving notice of such intentions. *See Ryker v. Stidham*, 17 Wn. App. 83, 87, 561 P.2d 1103 (1977) (when time of payment is waived by accepting late payments, vendor cannot put vendee in default or claim forfeiture without first having given notice of intention to do so). In this case, when Northwood failed to complete the plat modification by the closing date in December 2016, the parties signed a second amendment giving Northwood one additional year to complete the modification and provided that no additional extensions would be granted. At the very least, this creates a

material issue of fact as to whether Lennar had given notice that future extensions would not be granted and that Lennar would strictly enforce the new deadline. *See Ryker*, 17 Wn. App. at 88-89 (modification of agreement following default could be considered in determining if time was still of the essence). Whether the parties intended to accept late performance of the plat modification is a question of fact disputed by these parties and not subject to resolution on summary judgment.

B. LENNAR'S MOTION FOR A CONTINUANCE

Next, we consider whether the trial court abused its discretion by denying Lennar's motion to continue Northwood's motion for summary judgment so that Lennar could conduct additional discovery. In responding to Northwood's motion for summary judgment, Lennar moved for a continuance under CR 56(f) so that it could conduct additional discovery. The trial court denied the motion for continuance without explanation.

Under CR 56(f), a trial court may continue a motion for summary judgment when the party seeking a continuance offers good reason for the needed discovery. *Durand v. HIMC Corp.*, 151 Wn. App. 818, 828, 214 P.3d 189 (2009). The party seeking a continuance must indicate what evidence the party is seeking and how this evidence will raise an issue of material fact to preclude summary judgment. *Id.* This court reviews the trial court's refusal to grant a continuance for abuse of discretion. *State v. Hurd*, 127 Wn.2d 592, 594, 902 P.2d 651 (1995). The threshold questions are (1) were there issues

of fact that could be raised by Lennar's proposed discovery, and (2) was Lennar dilatory for not seeking the discovery earlier. Northwood does not seriously contend that Lennar was dilatory. Regardless, the record does not indicate any dilatory actions on Lennar's part. The only real issue is whether Lennar's discovery could produce evidence that would create a genuine issue of material fact sufficient to defeat summary judgment.

The two issues before the court on remand were whether equitable relief was available and, if so, in what form. As Division Two pointed out, there were several factors a court should consider in deciding these questions, "such as the amount that would be forfeited without the equitable relief sought, whether the failure to meet the deadline was inadvertent, and whether the other party was prejudiced by the delay." *Northwood*, slip op. at 13 (citing *Cornish Coll. of Arts v. 1000 Va. Ltd. P'ship*, 158 Wn. App. 203, 218-20, 242 P.3d 1 (2010)). We note that in granting Northwood's motion, there is nothing in the record to indicate that the trial court applied these factors to the facts in this case.

After Northwood filed its motion, Lennar sought discovery of evidence on Northwood's expenditures to complete the plat modification and the timing of Northwood's progress. This evidence was relevant to the issues before the court. Furthermore, as Lennar pointed out in its motion, the discovery deadline was still several months away at the time it moved for a continuance.

13

Northwood contends that the discovery Lennar sought was immaterial because Northwood would concede for purposes of summary judgment that everything Lennar alleged was true: that Northwood's expenses were less than alleged and the deadline was essential. However, Northwood does not concede that it was grossly negligent or worse in failing to complete the plat modification on time.

Recently, our Supreme Court held that relief in the form of an equitable grace period is not available when the party requesting equity has not expended substantial improvements to the property. *Borton & Sons, Inc. v. Burbank Props., LLC*, 196 Wn.2d 199, 202, 471 P.3d 871 (2020). In reaching this conclusion, the court adopted the five factors set forth in *Wharf*[1] that courts should consider before granting an equitable grace period. *Id*. at 208-09. In this case, the trial court should consider, among other things, whether Northwood was dilatory in attempting to meet the deadline and whether Lennar changed its position in reliance upon the deadline.

In light of our holding that the question of waiver is based on disputed facts, and our additional conclusion that the factors laid out by Division Two were necessary before equitable relief could be granted, we conclude that it was an abuse of discretion to deny Lennar's motion for a continuance under CR 56(f).

---

[1] *Wharf Rest., Inc. v. Port of Seattle*, 24 Wn. App. 601, 612-14, 605 P.2d 334 (1979).

No. 38546-9-III
*Northwood Estate, LLC v. Lennar Northwest, Inc.*

C. ATTORNEY FEES ON APPEAL

Northwood seeks attorney fees on appeal. Since we are reversing judgment in its favor and remanding for further proceedings, we decline to award fees to either party at this time and leave it to the discretion of the trial court to award fees for the appeal as part of the final judgment.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

I CONCUR:

_____
Fearing, J.

15

No. 38546-9-III

SIDDOWAY, C.J. (dissenting in part) — I agree with the majority opinion that the trial court abused its discretion in denying Lennar Northwest, Inc.'s (Lennar's) CR 56(f) motion for a continuance and for that reason would reverse its order granting Northwood Estate, LLC's motion for summary judgment. I write separately because I do not agree that in earlier denying Lennar's motion for summary judgment the trial court found a waiver of the "time is of the essence" clause. Absent such a finding, the denial of summary judgment is not reviewable.

An order denying summary judgment does not end proceedings, but rather permits them to proceed. Accordingly, it is ordinarily not a final order that can be appealed. *In re Estates of Jones*, 170 Wn. App. 594, 605, 287 P.3d 610 (2012). Under CR 56(c), the trial court could have ruled as a matter of partial summary judgment that despite some disputed facts, a waiver of the time is of the essence clause was demonstrated as a matter of law—but it did not. *See* Clerk's Papers at 246-48 (Order on Mot. for Summ. J. & Mot. to Strike). Under CR 56(d), it could have made an order specifying facts establishing such a waiver that appeared without substantial controversy, which would be deemed established thereafter. It did not. *See id.*

In orally denying Lennar's motion for summary judgment, the trial court responded to a question posed by Lennar's counsel in the manner the majority deems important. But in my view, those statements reflect an intent *not* to decide any issue as a matter of law. I would emphasize different statements by the court:

[LENNAR'S ATTORNEY]: I just want to understand. The basis of your ruling is that by entering into extension periods, my client—

THE COURT: *I don't have to make a finding at all.* I think I have explained myself pretty clearly. *On an order denying motion for summary judgment, I don't have to find anything.* I have clearly said my understanding of what the Court of Appeals is doing here, and my understanding of the facts are that there was an implied waiver of the "time is of the essence" clause, and it would [be] inequitable to strictly enforce that and, essentially, forfeit the more than a quarter of a million dollars and almost—was it 750 hours of time that they claimed and the quarter of a million dollars in actual money expended?

So as they are asking—the condition precedent should be not strictly enforced if they effectuate a harsh forfeiture. They do. Then the question is, what equitable relief is appropriate to prevent forfeiture? That, we haven't decided yet.

Report of Proceedings at 15-16 (emphasis added).

"[A] trial judge's oral decision is no more than a verbal expression of his informal opinion at that time. . . . It has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." *Ferree v. Doric Co.*, 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963). Because the trial court's written order did not grant partial summary judgment or make a CR 56(d) finding, the issue of waiver was not decided. The denial of Lennar's motion for summary judgment is not a final order subject to review.

For that reason, I respectfully dissent in part.

Siddoway, C.J.
_____
Siddoway, C.J.

2